STATE OF NORTH CAROLINA v. TANYA WATTS GENTRY

No. COA98-1225

(Filed 21 September 1999)

### Sentencing— habitual driving while impaired—use of prior convictions

Sentences for impaired driving and habitual impaired driving were remanded where the trial court enhanced the impaired driving conviction through points for prior convictions and those same prior convictions were the basis for the habitual DWI charge. Although being an habitual felon is a status and driving while impaired is a substantive offense, that is a distinction without a difference. The legislature has recognized the basic unfairness and constitutional restrictions on using the same convictions both to elevate a sentencing status to that of an habitual felon and then to increase the sentencing level and it is reasonable to conclude that the same legislature did not intend that convictions which elevate misdemeanor driving while impaired to the status of felony habitual driving while impaired would again be used to increase the sentencing level. It is basic learning that criminal laws must be strictly construed and any ambiguities resolved in favor of defendant.

Appeal by defendant from judgment entered 11 March 1998 by Judge L. Todd Burke in Davidson County Superior Court. Heard in the Court of Appeals 24 August 1999.

On 31 December 1997 an officer from the Lexington Police Department stopped defendant for speeding and for running a stop sign in the City of Lexington, North Carolina. While speaking with defendant, the officer smelled a strong odor of alcohol, noticed that defendant appeared to be confused, and formed the opinion that defendant was impaired due to consuming alcoholic beverages. The officer arrested defendant and transported her to the local police station, where an intoxilyzer breath test indicated that defendant had a .15 blood-alcohol content. The officer found that defendant had been convicted of three prior offenses of driving while impaired (DWI) within the past seven years, and charged her with habitual DWI in violation of N.C. Gen. Stat. § 20-138.5. Defendant was also on supervised probation on a charge of DWI at the time of her arrest. Defendant waived indictment, signed a bill of information, and pled guilty as

charged on 11 March 1998. At sentencing, the State presented defendant's criminal record which included four previous misdemeanor convictions, a prior felony conviction, and the three prior DWI convictions. The DWI convictions were the same charges which formed the basis for the habitual DWI charge. Over the objection of defendant, the trial court took into consideration for sentencing purposes all of defendant's seven prior misdemeanor convictions, which included the three prior DWI convictions. The trial court calculated that defendant had 10 prior record points: seven points for the seven misdemeanors, two for the felony charge, and one point for committing the charged offense while on probation. Based on the 10-point record level, the trial court found defendant to be at prior record level IV, and sentenced her within the presumptive range to a minimum and maximum term of twenty-one months and twenty-six months respectively. Defendant appealed.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Jeffrey J. Berg for defendant-appellant.*

HORTON, Judge.

Defendant argues on appeal that the trial court erred at her sentencing hearing in assigning points to defendant's three prior DWI convictions, because those same three DWI convictions were the basis for her habitual DWI charge. We hold that the action of the trial court was error, and remand this case for a new resentencing hearing.

Before imposing a sentence under the Structured Sentencing Act, the trial court must determine the prior record level, if any, of a defendant pursuant to N.C. Gen. Stat. § 15A-1340.14 (1997). The statute provides, in pertinent part:

(a)  Generally.—The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court finds to have been proved in accordance with this section.

(b)  Points.—Points are assigned as follows:

. . . .

(5)  For each prior Class A1 or Class 1 misdemeanor conviction or prior impaired driving conviction under G.S. 20-138.1, 1 point . . . . .

(6) If all the elements of the present offense are included in any prior offense for which the offender was convicted, whether or not the prior offense or offenses were used in determining prior record level, 1 point.

(7) If the offense was committed while the offender was on supervised or unsupervised probation, parole, or post-release supervision, or while the offender was serving a sentence of imprisonment, or while the offender was on escape from a correctional institution while serving a sentence of imprisonment, 1 point.

. . . .

(c) Prior Record Levels for Felony Sentencing.—The prior record levels for felony sentencing are:

(1) Level I—0 points.

(2) Level II—At least 1, but not more than 4 points.

(3) Level III—At least 5, but not more than 8 points.

(4) Level IV—At least 9, but not more than 14 points.

(5) Level V—At least 15, but not more than 18 points.

(6) Level VI—At least 19 points.

*Id.* "Once the total number of points is calculated pursuant to G.S. 15A-1340.14(b), the prior record level is determined by comparing the point total calculated to the range of point totals corresponding to each prior record level as listed in G.S. 15A-1340.14(c)." *State v. Bethea*, 122 N.C. App. 623, 626, 471 S.E.2d 430, 432 (1996).

Here, defendant's criminal record consisted of seven prior misdemeanor convictions, three of which were DWIs, and one prior felony conviction. In the record, there is a standard worksheet the trial court used to calculate defendant's points accumulated from the prior convictions. In compliance with N.C. Gen. Stat. § 15A-1340.14(c), the total number of points is then matched with the appropriate record level to determine the appropriate sentence. In calculating defendant's total number of points, the trial court arrived at a figure of ten points, seven of which were from her prior misdemeanor convictions. Of those seven convictions, three were from the prior DWI convictions. The ten points place defendant at a prior record level IV, which

carries a presumptive sentence of 20-25 months. By contrast, the next lower level (III) carries a presumptive sentence of 17-21 months.

Defendant argues that the State used her three prior DWI convictions to prove an element of the offense of habitual driving while impaired, a felony which carries a higher punishment than the maximum of 150 days for misdemeanor DWI. Defendant contends that "it is contrary to the laws of this state" to use again the DWI convictions to add points to her prior record level and thereby increase her sentence.

The habitual impaired driving statute, N.C. Gen. Stat. § 20-138.5, is silent on the issue of whether prior DWI convictions which were used to establish this felony charge may again be considered and assigned points at sentencing. To resolve this issue, we must therefore look to the intent of the legislature.

> The cardinal rule of statutory construction is that "the intent of the legislature controls the interpretation of a statute." In determining legislative intent, we "should consider the language of the statute, the spirit of the act, and what the act seeks to accomplish." We must insure that "the purpose of the legislature in enacting [the statute], sometimes referred to as legislative intent, is accomplished."

*Bethea*, 122 N.C. App. at 627, 471 S.E.2d at 432 (citations omitted).

We find some guidance in that portion of the Structured Sentencing Act which provides for the sentencing of persons found to be habitual felons. Under our statutory scheme, "[a]ny person who has been convicted of or pled guilty to three felony offenses . . . is declared to be an habitual felon." N.C. Gen. Stat. § 14-7.1 (1993). "Being an habitual felon is not a crime but is a status the attaining of which subjects a person thereafter convicted of a crime to an increased punishment for that crime. The status itself, standing alone, will not support a criminal sentence." *State v. Allen*, 292 N.C. 431, 435, 233 S.E.2d 585, 588 (1977). The obvious legislative purpose of the habitual felon statute is to increase sharply the punishment for those persons who continue to commit serious offenses in violation of our criminal laws. N.C. Gen. Stat. § 14-7.6, which governs the sentencing of persons found to be habitual felons, provides that "[i]n determining the prior record level, *convictions used to establish a person's status as an habitual felon shall not be used.*" N.C. Gen. Stat. § 14-7.6 (Cum. Supp. 1998) (emphasis added).

In construing the habitual felon statute, this Court has previously held the following:

> The chief limitation on the use of G.S. 15A-1340.14 is found in G.S. 14-7.6, which states that "[i]n determining the prior record level, convictions used to establish a person's status as an habitual felon shall not be used." G.S. 14-7.6 (1994). This provision recognizes that there are two independent avenues by which a defendant's sentence may be increased based on the existence of prior convictions. *A defendant's prior convictions will either serve to establish a defendant's status as an habitual felon pursuant to G.S. 14-7.1 or to increase a defendant's prior record level pursuant to G.S. 15A-1340.14(b)(1)-(5). G.S. 14-7.6 establishes clearly, however, that the existence of prior convictions may not be used to increase a defendant's sentence pursuant to both provisions at the same time.*

*Bethea,* 122 N.C. App. at 626, 471 S.E.2d at 432 (emphasis added). Obviously, our legislature recognized the basic unfairness and constitutional restrictions on using the same convictions both to elevate a defendant's sentencing status to that of an habitual felon, and then to increase his sentencing level. We believe it is reasonable to conclude that that same legislature did not intend that the convictions which elevate a misdemeanor driving while impaired conviction to the status of the felony of habitual driving while impaired, would then again be used to increase the sentencing level of the defendant.

The State argues that being an habitual felon is a status, while felony driving while impaired is a substantive offense. We do not find that the distinction requires a different result. In both instances, a defendant commits a violation of our criminal laws, has committed three offenses of the same class within the past seven years, and has his punishment sharply increased as a result of the consideration of those prior offenses. We find the distinction urged by the State to be one without a difference. Further, whatever doubt there may be must be resolved in favor of the defendant. It is basic learning that criminal laws must be strictly construed and any ambiguities resolved in favor of the defendant. *See State v. Pinyatello,* 272 N.C. 312, 314, 158 S.E.2d 596, 597 (1968) (penal statutes are construed strictly against the State and liberally in favor of the private citizen with all conflicts and inconsistencies resolved in his favor); and *State v. Scoggin,* 236 N.C. 1, 10, 72 S.E.2d 97, 103 (1952).

CALDERWOOD v. CHARLOTTE-MECKLENBURG HOSP. AUTH.

[135 N.C. App. 112 (1999)]

We reverse and remand the case to the trial court for resentencing at record level III.

Reversed and remanded for resentencing.

Judges GREENE and TIMMONS-GOODSON concur.