STATE OF NORTH CAROLINA v. MICHAEL J. SHEPHERD

No. COA02-449

(Filed 18 March 2003)

**1. Prisons and Prisoners— injury to prisoner by jailer—sufficiency of evidence—keeper of the jail—bailiff**

The trial court did not err by denying defendant's motion to dismiss the charge of injury to prisoner by jailer even though defendant contends he was not the keeper of the jail within the meaning of N.C.G.S. § 162-55, because defendant, acting as a courtroom bailiff, would be considered the keeper of a jail when: (1) bailiffs have the same custody, care, and keeping obligation as the jailers do who work in the actual jail; and (2) defendant was certified by the State as a detention officer which is synonymous with a jailer.

**2. Prisons and Prisoners— injury to prisoner by jailer—jury instruction—keeper of the jail**

The trial court did not abuse its discretion in an injury to prisoner by jailer case by instructing the jury concerning the definition of the keeper of a jail, because: (1) the trial court properly denied defendant's request for a specific instruction since the requested instruction erroneously indicated that, in order to be found guilty of injury to prisoner by jailer, defendant must be either the sheriff or the person appointed by the sheriff to be the

STATE v. SHEPHERD

[156 N.C. App. 603 (2003)]

keeper of the jail; (2) the keeper of a jail includes those persons charged with the care, custody, and maintenance of prisoners, and the trial court's initial instructions correctly informed the jury of the applicable law; and (3) the trial court's responses to jury inquiries provided clarity.

Appeal by defendant from judgment entered 26 September 2001 by Judge Ernest B. Fullwood in New Hanover County Superior Court. Heard in the Court of Appeals 23 January 2003.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Mary S. Mercer, for the State.*

*Randolph and Fischer, by J. Clark Fischer, for defendant-appellant.*

HUNTER, Judge.

Michael J. Shepherd ("defendant") appeals from a conviction of injury to prisoner by jailer. Defendant assigns error to the trial court's denial of his motion to dismiss the charge of injury to prisoner by jailer because defendant asserts that he was not "the keeper of a jail" within the meaning of N.C. Gen. Stat. § 162-55 (2001) since he was a courtroom bailiff. Defendant also contends the trial court erred in its instructions to the jury regarding the definition of "the keeper of a jail." We hold that defendant, acting as a bailiff, would be considered "the keeper of a jail" within the meaning of N.C. Gen. Stat. § 162-55 and thus, the trial court properly denied defendant's motion to dismiss. We additionally conclude the jury was properly instructed concerning the definition of "the keeper of a jail." Therefore, we find no error.

The evidence at trial tended to show that defendant was formerly employed in the custody division of the New Hanover County Sheriff's Department. On 22 September 2000, defendant was working as a bailiff in the courthouse. Captain David Stevenson ("Captain Stevenson"), the chief jailer for the New Hanover County Jail, testified that a bailiff's duties include the care and custody of inmates who are taken to the courthouse from the jail. Therefore, according to Captain Stevenson, bailiffs operate as jailers in the courthouse. The State offered into evidence the Cape Fear Community College's certificate of completion of the detention officer certification course by defendant. Captain Stevenson testified that it is required that a jailer or detention officer be certified by the State as a detention officer.

According to Captain Stevenson, a detention officer is synonymous with a jailer. Captain Stevenson explained that a bailiff is a jailer because there are holding facilities in the courthouse and a bailiff has the same custody, care and keeping obligation as the jailers do who work in the actual jail. Bailiffs have occasion to go to the detention centers in the courthouse to take inmates into the courtroom for trial or to testify in a case. In addition, bailiffs' duties require them to go to the jail to pick up inmates for transport to court. Captain Stevenson stated that defendant was charged "with the care, custody and safekeeping of anyone assigned to him, any inmate that might be in our custody."

Nathaniel Edward Arter ("Arter"), an inmate, testified at trial that on 22 September 2000, when he returned from court, he observed defendant talking to two other inmates, Cecil Moore ("Moore") and William Bruce ("Bruce"), in the vestibule outside of Arter's jail cell. Approximately a minute after defendant left the cell block, a blanket was thrown over Arter's head and Arter was beaten by Moore and Bruce.

Bruce testified that on 22 September 2000, defendant promised Bruce that if Bruce beat Arter up, he would get Bruce whatever he wanted, which Bruce assumed meant cigarettes or something like that. Bruce admitted beating Arter and pled guilty to an assault charge. In addition, Jeffrey Scott Penny ("Deputy Penny"), a deputy sheriff with the New Hanover County Sheriff's Department, testified that defendant responded, " '[y]ou damn right I did it[,]' " when questioned about the Arter incident.

A jury found defendant guilty of injury to prisoner by jailer. Defendant was given a forty-five day suspended sentence and twelve months supervised probation. Defendant appeals.

I.

[1] Defendant initially contends the trial court erred in denying his motion to dismiss the charge of injury to prisoner by jailer because defendant asserts that he was not "the keeper of a jail" since he was a courtroom bailiff and thus, the provisions of N.C. Gen. Stat. § 162-55 did not apply to his alleged misconduct. We disagree.

When reviewing a motion to dismiss, the trial court must determine "whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814

(1990). The evidence must be viewed in the light most favorable to the State. *State v. Smith*, 121 N.C. App. 41, 44, 464 S.E.2d 471, 473 (1995).

Defendant was charged with and convicted of the offense of injury to prisoner by jailer in violation of N.C. Gen. Stat. § 162-55, which provides: "If *the keeper of a jail* shall do, or cause to be done, any wrong or injury to the prisoners committed to his custody, contrary to law, he shall not only pay treble damages to the person injured, but shall be guilty of a Class 1 misdemeanor." N.C. Gen. Stat. § 162-55 (emphasis added). Defendant cites N.C. Gen. Stat. § 162-22 (2001) in support of his argument that he was not "the keeper of a jail" within the meaning of N.C. Gen. Stat. § 162-55. N.C. Gen. Stat. § 162-22 states, "[t]he sheriff shall have the care and custody of the jail in his county; and *shall be, or appoint, the keeper thereof.*" N.C. Gen. Stat. § 162-22 (emphasis added). Defendant argues that this provision supports his interpretation that N.C. Gen. Stat. § 162-55 applies only to the officer at the head of the jail's command structure—the sheriff, or whoever the sheriff appoints to be the keeper of the jail. In addition, defendant asserts that the use of the word "the" prior to "keeper of a jail" demonstrates that N.C. Gen. Stat. § 162-55 was intended to apply to a single person, i.e., the individual who was in charge of the detention facility at issue.

We first note that there are very few cases citing N.C. Gen. Stat. § 162-55, and no cases in which our Courts have determined whether a "bailiff" would constitute "the keeper of a jail" within the meaning of N.C. Gen. Stat. § 162-55. Therefore, this case presents an issue of first impression.

In construing statutes, Courts must "seek to give effect to the legislative intent, which may be discerned by consideration of the *purpose* of the statute, 'the evils it was designed to remedy, the effect of proposed interpretations of the statute, and the traditionally accepted rules of statutory construction.'" *State v. Gaines*, 332 N.C. 461, 469, 421 S.E.2d 569, 572 (1992) (quoting *State v. Tew*, 326 N.C. 732, 738, 392 S.E.2d 603, 607 (1990)). Moreover, it is fundamental in statutory construction that "criminal laws must be strictly construed and any ambiguities resolved in favor of the defendant." *State v. Gentry*, 135 N.C. App. 107, 111, 519 S.E.2d 68, 71 (1999).

It appears that the General Assembly's intent in passing N.C. Gen. Stat. § 162-55 was to provide for the safekeeping and humane treatment of prisoners, since the initial bill passed in 1795, which is

remarkably similar to the current statute, was entitled " 'Bill to Provide for the Safe-Keeping and Humane Treatment of Persons in Confinement.' " *Letchworth v. Gay*, 874 F. Supp. 107, 108 (E.D.N.C. 1995). Since the General Assembly's intent in enacting the statute was to protect prisoners from their custodians, "the keeper of a jail" must be construed to include those persons charged with the care, custody, and maintenance of prisoners. In the instant case, we note there was testimony that bailiffs have the same custody, care and keeping obligation as the jailers do who work in the actual jail. Evidence was also admitted showing that defendant was certified by the State as a detention officer, and according to Captain Stevenson, a detention officer is synonymous with a jailer. Captain Stevenson further testified that defendant was charged "with the care, custody and safekeeping of anyone assigned to him, any inmate that might be in our custody." Therefore, defendant, acting as a bailiff, would be considered "the keeper of a jail" within the meaning of N.C. Gen. Stat. § 162-55. Accordingly, the trial court was proper in denying defendant's motion to dismiss the charge of injury to prisoner by jailer.

II.

**[2]** Defendant next argues the trial court erred in its instructions to the jury regarding the definition of "the keeper of a jail."

At the outset, the choice of instructions given to a jury "is a matter within the trial court's discretion and will not be overturned absent a showing of abuse of discretion." *State v. Nicholson*, 355 N.C. 1, 66, 558 S.E.2d 109, 152, *cert. denied*, 537 U.S. 845, 154 L. Ed. 2d 71 (2002). In addition, "[i]f a request is made for a jury instruction which is correct in itself and supported by evidence, the trial court must give the instruction at least in substance." *State v. Harvell*, 334 N.C. 356, 364, 432 S.E.2d 125, 129 (1993). Additional instructions may be given "to respond to jury inquiries, to correct an erroneous instruction, to clarify an ambiguous instruction, or to instruct the jury on law which should have been included in the original instructions." *State v. Clegg*, 142 N.C. App. 35, 45, 542 S.E.2d 269, 276, (citing N.C. Gen. Stat. § 15A-1234(a) (1999)), *appeal dismissed and disc. review denied*, 353 N.C. 453, 548 S.E.2d 529 (2001).

Defendant submitted to the court the following request for jury instruction:

The Defendant request[s] that as a supplement to the Pattern Jury Instructions for the crime of injury to prisoner by jailer, the

court instruct the jury that in order to find that the defendant is "the keeper of the jail" within the context of the statutory language in N.C.G.S. § 162-55, in accordance with N.C.G.S. § 162-22 which states that "the sheriff shall have the care and custody of the jail in his county; and shall be, or appoint, the keeper thereof." Therefore, we are requesting instruction that: In order to find that the Defendant was the keeper of the jail, you must find that he was either the sheriff or was the person appointed by the sheriff to be the keeper of the jail.

The trial court denied defendant's request and instructed the jury as follows, in pertinent part:

The Defendant has been charged with injury to a prisoner by a jailer. Now I charge that for you to find the Defendant guilty of this offense, the State must prove four things beyond a reasonable doubt: First, that the Defendant was the keeper of a jail; second, that the victim was a prisoner committed to his custody; third, that the Defendant caused injury to be done to the victim; and fourth, that he did this contrary to law. Directing and causing other prisoners to beat the victim would be contrary to law.

During deliberations, the jury asked the following questions: (1) " 'In role of a bailiff, where does his role begin and end? Who is under bailiff's custody?' " (2) " 'Was prisoner committed to Shepherd's custody?' " and (3) " 'Definition between jailer and bailiff.' " The court answered question (1) by stating:

[A] prisoner is under a bailiff's custody when the bailiff has the duty, either alone or together with other deputies, to maintain the imprisonment of the prisoner.

So again, for the purpose of this trial, a prisoner or prisoners, are in the custody of a bailiff when the bailiff has as one of his duties, either alone or together with other deputies, the responsibility to maintain the imprisonment of the prisoner. So if it's part of the bailiff's responsibility to maintain the imprisonment of a prisoner or prisoners, they're under the bailiff's custody.

The court refused to answer question (2) and advised the jury that they must answer that question from the evidence. Finally, as to question (3), the court advised the jury that "a bailiff is a jailer when a prisoner is in his custody, or when prisoners are in his custody. So again, a bailiff is a jailer when, as a part of his duties, he is maintaining the imprisonment of a prisoner or prisoners." After answering the jury's

inquiries, the trial court allowed the jury to resume deliberations but soon called them back into the courtroom to hear the following additional instruction:

> I didn't want to leave you with the impression that a prisoner can be in the custody of a jailer where the jailer had as his duties the maintaining of the imprisonment of some other prisoners and not that particular prisoner. But in order to—in order for a prisoner to be in the custody of a jailer, then it has to be the jailer's responsibility to—or part of his responsibility to maintain the imprisonment of that particular prisoner.

We conclude the trial court did not err in its instructions to the jury regarding the definition of "the keeper of a jail." The trial court properly denied defendant's request for a specific instruction since the requested instruction erroneously indicated that in order to be found guilty of injury to prisoner by jailer the defendant must be either the Sheriff or *the person* appointed by the sheriff to be the keeper of the jail. As determined in section I, "the keeper of a jail" includes *those persons* charged with the care, custody, and maintenance of prisoners. We additionally conclude the trial court's initial instructions correctly informed the jury of the applicable law. Moreover, the court's responses to the jury's inquiries provided clarity. Therefore, we find no error in the trial court's instructions concerning the definition of "the keeper of a jail."

No error.

Judges McGEE and CALABRIA concur.