STATE OF NORTH CAROLINA v. MARYLAND FOWLER

No. COA02-995

(Filed 6 May 2003)

**1. Criminal Law— statement to jury concerning custody of defendant at sheriff's department—plain error analysis**

The trial court did not commit plain error in a taking indecent liberties with a child, attempted first-degree sexual offense, and first-degree statutory rape case by telling the jury that defendant was in the custody of the sheriff's department, because: (1) the evidence of defendant's guilt was overwhelming, including the

testimony of the victim daughter who testified as to the sexual acts committed by defendant father upon her and the fact that defendant admitted to police that he engaged in sexual conduct with the victim; (2) the statements by the trial court do not create the same prejudice to defendant as that raised when a defendant appears in court in shackles or prison garb; (3) the trial court was merely explaining to the jury the cause for a delay in the proceedings and there was no constant reminder of defendant's detention; and (4) the trial court instructed the jury that defendant was presumed to be innocent.

**2. Sentencing— presumptive range—findings regarding aggravating and mitigating factors not required**

The trial court was not required to find aggravating and mitigating factors in imposing sentences upon defendant for attempted first-degree rape, attempted first-degree sexual offense and taking indecent liberties with a minor where all of the sentences were within the presumptive range for those offenses based upon defendant's prior record level.

Appeal by defendant from judgments entered 4 April 2002 by Judge David Q. LaBarre in Wake County Superior Court. Heard in the Court of Appeals 14 April 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Margaret A. Force, for the State*

*Lynne Rupp for defendant-appellant.*

MARTIN, Judge.

Defendant was indicted on charges of taking indecent liberties with a child, attempted first degree sexual offense, and first degree statutory rape. He was convicted of attempted first degree rape, attempted first degree sexual offense, and taking indecent liberties with a minor. He appeals from judgments imposing consecutive sentences of imprisonment, each within the presumptive range.

The State presented evidence at trial which tended to show the following: The victim, T, is the fourteen year old daughter of the defendant. T testified that when she was twelve, defendant attempted to have anal intercourse with her. Defendant stopped when T told him it hurt. T further testified that when she was twelve, defendant also tried to have vaginal intercourse with her. Again, T told defendant it hurt and he stopped. Defendant admitted that he had sexual contact

with T to Detective William R. Smith of the Zebulon Police Department and Kenisha Moore, an investigative social worker with Wake County Human Services.

**[1]** Defendant first argues the trial court committed plain error and constitutional error when it told the jury during the trial that defendant was in the custody of the Wake County Sheriff's Department. Defendant contends that the judge informing the jury that he was incarcerated violated his right to a fair trial and due process. Defendant cites *Illinois v. Allen*, 397 U.S. 337, 25 L. Ed. 2d. 353, *reh'g denied*, 398 U.S. 915, 26 L. Ed. 2d 80 (1970), which recognized that "the sight of shackles and gags might have a significant effect on the jury's feelings about the defendant." *Id.* at 344, 25 L. Ed. 2d. at 359. Likewise, defendant contends that "when a jury has been informed by the judge that the defendant is being held in custody, there is a danger the jury will be improperly negatively influenced." We are not persuaded.

Initially, we note that to the extent that defendant argues constitutional error, defendant's failure to object at trial and properly preserve the constitutional issue for appeal requires us to review this potential constitutional error under the plain error standard of review. *State v. Lemons*, 352 N.C. 87, 530 S.E.2d 542 (2000), *cert. denied*, 531 U.S. 1091, 148 L. Ed. 2d 698 (2001). "A plain error is one 'so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.' " *State v. Carroll*, 356 N.C. 526, 539, 573 S.E.2d 899, 908 (2002) (quoting *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), *cert. denied*, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988)).

There is no plain error here. First, the evidence of defendant's guilt was overwhelming. Defendant's daughter testified as to the sexual acts committed by defendant upon her, and defendant admitted to police that he engaged in sexual conduct with her. Second, the statements by the trial court do not create the same prejudice to the defendant as that raised when a defendant appears in court in shackles or prison garb. *See Allen*, 397 U.S. at 344, 25 L. Ed. 2d. at 359; *Estelle v. Williams*, 425 U.S. 501, 504-05, 48 L. Ed. 2d 126, 131 (1976) (compelling defendant to wear prison clothes serves as "constant reminder of the accused's condition" which may impair the presumption of innocence). In the case *sub judice*, the trial court was simply explaining to the jury the cause for the delay in the proceedings, and there was no "constant reminder" of the defendant's

detention. Furthermore, the trial court instructed the jury that the defendant was presumed to be innocent. Accordingly, the assignment of error is overruled.

**[2]** We next consider whether the trial court abused its discretion by failing to find mitigating factors in sentencing defendant. Defendant cites several mitigating factors, including that he had a good job history, that the victim initiated and consented to the sexual contact, that he told his daughter to cooperate with the investigating officers, and that he immediately accepted responsibility for his actions. Defendant additionally argues that the trial court erred by imposing sentences from the aggravated range of punishment without finding the existence of any aggravating factors. While defendant acknowledges that the sentences imposed by the trial court can be found both in the aggravated and presumptive ranges, he contends that "criminal laws must be strictly construed and any ambiguities resolved in favor of the defendant." *State v. Gentry*, 135 N.C. App. 107, 111, 519 S.E.2d 68, 71 (1999).

After careful review of the record, briefs, and contentions of the parties, we find no error. A judgment sentencing a defendant to a term of imprisonment for the commission of a felony must contain both a minimum term of imprisonment and a maximum term of imprisonment. N.C. Gen. Stat. § 15A-1340.13(c) (2001). Unless otherwise indicated, "[t]he maximum term of imprisonment applicable to each minimum term of imprisonment is . . . as specified in G.S. 15A-1340.17." *Id.* The trial court is to determine the applicable maximum term of imprisonment by utilizing the chart found in G.S. 15A-1340.17(e). "[W]here the trial court imposes sentences within the presumptive range for all offenses of which defendant was convicted, he is not obligated to make findings regarding aggravating and mitigating factors." *State v. Rich*, 132 N.C. App. 440, 452-53, 512 S.E.2d 441, 450 (1999), *affirmed*, 351 N.C. 386, 527 S.E.2d 299 (2000).

Here, defendant, with a prior record level of II, was sentenced to a minimum term of 189 months and a maximum term of 236 months for each Class B2 felony. The charts contained in 15A- 1340.17(c) and (e) show the trial court, as required by the statutes, sentenced defendant within the presumptive range of sentences for Class B2 felonies with prior record level II. This Court has stated that "the legislature intended the trial court to take into account factors in aggravation and mitigation only when deviating from the presumptive range in sentencing." *State v. Caldwell*, 125 N.C. App. 161, 162, 479 S.E.2d 282, 283 (1997). (citing G.S. 15A-1340.13(e)). "Therefore, a trial

court is not required to justify a decision to sentence a defendant within the presumptive range by making findings of aggravation and mitigation." *State v. Campbell*, 133 N.C. App. 531, 542, 515 S.E.2d 732, 739, *disc. review denied*, 351 N.C. 111, 540 S.E.2d 370 (1999). Accordingly, because the trial court sentenced defendant within the presumptive range, we conclude there was no abuse of discretion and no error.

No error.

Judges McCULLOUGH and CALABRIA concur.