An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e    P r o c e d u r e .

NO. COA14-25

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

   v.                                    Caldwell County
                                         Nos. 08 CRS 51489—90
DANNY RAY ANDERSON


On writ of certiorari to review judgments entered 16 May 2011 by Judge Robert C. Ervin in Caldwell County Superior Court. Heard in the Court of Appeals 30 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Nicholaos G. Vlahos, for the State.*

> *Franklin E. Wells, Jr., for defendant-appellant.*


BRYANT, Judge.


Where defendant has a prior conviction for possession of a firearm by a felon, that conviction may be used to both elevate defendant's sentencing status and to increase defendant's sentencing level.

On 2 June 2008, defendant was indicted for first-degree murder and possession of a firearm by a felon. The possession of a firearm by a felon indictment alleged that defendant had previously pled guilty to the Class F felony of possessing a weapon of mass destruction in Burke County on 15 October 2003.

In the instant matter, the State's evidence tended to show the following. On 23 May 2008, defendant and his landlord argued after defendant received an eviction notice. The next day, the two had another argument, during which defendant retrieved a rifle from his basement residence. Defendant waived the rifle around, yelled at his landlord, and then shot his landlord in the head.

During trial, the State introduced into evidence a certified copy of defendant's Burke County judgment for possession of a weapon of mass destruction. On 16 May 2011, a jury found defendant guilty of second-degree murder and of possession of a firearm by a felon.

Following the return of the jury's verdicts, the trial court conducted a sentencing hearing. The State offered a sentencing worksheet listing defendant's prior convictions. Among the convictions listed was the 2003 felony possession of a weapon of mass destruction conviction, which the State used to

support the charge of possession of a firearm by a felon. The trial court assigned four points for the felony possession of a weapon of mass destruction conviction, and one point each for the four Class 1 misdemeanors. The trial court found defendant to be a prior level III based upon the eight prior record level points. Defendant was sentenced, as a prior record level III, to 220 to 273 months for the second-degree murder conviction; and as a prior record level III to 15 to 18 months for the possession of a firearm by a felon conviction. Defendant appeals.

_____

In his sole argument on appeal, defendant contends the trial court erred in sentencing him as a prior record level III for possession of a firearm by a felon. Citing *State v. Gentry*, 135 N.C. App. 107, 519 S.E.2d 68 (1999), defendant argues it is unfair to use his 2003 felony conviction to establish both an element of his possession of a firearm by a felon conviction and to calculate his prior record level. We disagree; for, as acknowledged by defendant, we rejected this exact argument in *State v. Best,* 214 N.C. App. 39, 713 S.E.2d 556, *disc. review denied*, 365 N.C. 361, 718 S.E.2d 397 (2011).

In *Gentry*, this Court concluded that a defendant's prior record level for sentencing for habitual driving while impaired ("DWI") may not be calculated using previous DWI convictions because they were the same convictions upon which her habitual DWI charge was based. *Gentry*, 135 N.C. App. at 111, 519 S.E.2d at 70 ("[O]ur legislature recognized the basic unfairness and constitutional restrictions on using the same convictions both to elevate a defendant's sentencing status to that of an habitual felon, and then to increase his sentencing level.").

In *Best*, this Court noted that "[we have] been unwilling to apply the logic utilized in [*Gentry*] to cases involving convictions for possession of a firearm by a convicted felon." *Best*, 214 N.C. App. at 52, 713 S.E.2d at 565. This Court reasoned:

> [G]iven that the mere possession of a firearm, unlike driving while impaired, is not a criminal offense, the sort of "double-counting" condemned in *Gentry*, in which an act already declared to constitute a criminal offense is punished more severely based on the defendant's prior record, simply does not occur when the same conviction is utilized to both establish the defendant's guilt of the underlying offense and to calculate his prior record level utilized in sentencing him for that offense.

*Id.* at ___, 713 S.E.2d at 566.

Nevertheless, defendant asks this Court to apply the logic of *Gentry* to his case and direct the trial court to resentence him as a prior record level II. We are unable to do so and hold that *Best* is controlling. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." (citations omitted)). Because possession of a firearm by a felon is a substantive offense rather than a sentencing enhancement, defendant's 2003 conviction was not improperly used to "to elevate [his] sentencing status . . . and then to increase his sentencing level." *Gentry*, 135 N.C. App. at 111, 519 S.E.2d at 70. Accordingly, the trial court properly sentenced defendant as a level III offender.

No error.

Judges STROUD and HUNTER, Robert N., Jr., concur.

Report per Rule 30(e).