An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-394

Filed 18 February 2026

Iredell County, Nos. 21CR001408-480, 21CR051438-480, 21CR052133-480

STATE OF NORTH CAROLINA

v.

WOODY JAMES ALLISON, JR., Defendant.


Appeal by Defendant from order entered 12 April 2023 by Judge Joseph N. Crosswhite in Iredell County Superior Court. Heard in the Court of Appeals 14 January 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Elizabeth Shook, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Heidi E. Reiner, for defendant-appellant.*


PER CURIAM.

Woody James Allison ("Defendant") appeals from an order summarily denying his motion for appropriate relief ("MAR"). For the reasons below, we vacate the trial court's order, and remand for further proceedings in accordance with this opinion.

## I.    Background

Between 7 July 2021 and 3 August 2022, the Iredell County Grand Jury returned bills of indictment charging Defendant for failing to report a new or changed online identifier, attaining habitual felon status, and felony larceny. On 29 September 2022, the State charged Defendant by bill of information with habitual larceny. Defendant later pleaded guilty to all charges.

The record tends to show that Defendant's counsel and the prosecutor stipulated Defendant had fifteen prior record points for felony sentencing and was therefore classified as a prior record level ("PRL") V. Defendant's structured sentencing worksheet contained thirteen prior convictions, stipulated by the parties. Each of the thirteen offenses were listed with the name of the offense, file number, date of conviction, county, and classification. The trial court accepted Defendant's plea agreement and sentenced Defendant to 76–104 months' imprisonment.

On 13 February 2023, without the assistance of counsel, Defendant filed an MAR with the Iredell County Superior Court. Defendant's MAR, among other things, sought review of his PRL under the assertion his defense counsel and the prosecutor stipulated to an incorrect PRL. On 12 April 2023, the trial court summarily denied Defendant's MAR.

Defendant then filed a petition for writ of certiorari ("PWC") with this Court on 9 July 2024. In his PWC, Defendant sought review of the trial court's order summarily denying his MAR. This Court granted Defendant's PWC on 17 July 2024

to review the summary denial of his MAR. On 23 September 2024, the trial court completed appellate entries and appointed the Appellate Defender to represent Defendant.

## II. Analysis

Defendant first maintains the trial court erred by summarily denying his MAR without an evidentiary hearing. He next argues the trial court erred by imposing an impermissible gatekeeper order. After careful consideration, for the reasons below, we vacate the trial court's order, and remand for an evidentiary hearing to determine Defendant's prior record level.

"The determination of an offender's prior record level is a conclusion of law that is subject to de novo review on appeal." *State v. Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009) (citation omitted). "It is not necessary that an objection be lodged at the sentencing hearing in order for a claim that the record evidence does not support the trial court's determination of a defendant's prior record level to be preserved for appellate review." *Id.* (citation omitted). "Before sentencing a criminal defendant, the trial court must first determine the defendant's prior record level." *State v. Weldon*, 258 N.C. App. 150, 160, 811 S.E.2d 683, 691 (2018) (citing N.C. Gen. Stat. § 15A-1340.13(b) (2016)). "The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions[.]" N.C. Gen. Stat. § 15A-1340.14(a) (2023).

### A. Multiple Convictions from a Session of Court

Defendant maintains, and the State agrees, Defendant's structured sentencing worksheet mistakenly counted two counts of food stamp fraud from the same conviction date.

If an offender is convicted of multiple offenses "in a single superior court during one calendar week, only the conviction of the offense with the highest point total is used. If an offender is convicted of more than one offense in a single session of district court, only one of the convictions is used." *Id.* § 15A-1340.14(d).

Here, the trial court sentenced Defendant to 76–104 months' imprisonment based on a calculation of fifteen prior record points underlying the trial court's PRL V determination. The structured sentencing worksheet used to calculate Defendant's sentencing indicates, on 25 January 2017, Defendant was convicted of one count of possession of drug paraphernalia and two counts of food stamp fraud in Iredell County Court. The record is unclear as to whether the two counts of food stamp fraud were resolved in a single session of district court. *See id.* Defendant's PRL calculation may therefore impermissibly include an additional point for multiple convictions in a single session of district court. This issue may be properly resolved by the trial court when conducting an evidentiary hearing on remand.

### B. Convictions Underlying Habitual Felon Status

Defendant next argues, and the State agrees, the calculation of Defendant's PRL improperly included convictions used to establish his habitual felon status.

When calculating a defendant's PRL, "convictions used to establish a person's status as an habitual felon shall not be used." N.C. Gen. Stat. § 14-7.6. Even so, with respect to subsections 14-7.6 and 15A-1340.14(d), "nothing in these statutes prohibits the court from using one conviction obtained in a single calendar week to establish habitual felon status and using another *separate* conviction obtained the same week to determine prior record level." *State v. Truesdale*, 123 N.C. App. 639, 642, 473 S.E.2d 670, 672 (1996) (citation modified).

In this case, the indictment charging Defendant with having obtained habitual felon status lists three convictions used to establish his status: (1) felony common law robbery with a conviction date of 9 May 2002; (2) felony larceny with a conviction date of 21 December 2010; and (3) felony indecent liberties with a conviction date of 17 December 2012. Defendant's structured sentencing worksheet tends to show Defendant's PRL included the same felony common law robbery with a conviction date of 9 May 2002 used to establish his status as an habitual felon. *See* N.C. Gen. Stat. § 14-7.6. However, the State's brief maintains that although Defendant was convicted of two counts of common law robbery on 9 May 2002, the structured sentencing worksheet does not reflect a second conviction. Consistent with *Truesdale*, the trial court may consider this second conviction when conducting an evidentiary hearing on remand. 123 N.C. App. at 642, 473 S.E.2d at 672 (holding, "we find nothing in these statutes to prohibit the court from using one conviction obtained in a single calendar week to establish habitual felon status and using

another separate conviction obtained the same week to determine prior record level.").

### C.    Convictions Underlying Habitual Larceny

Defendant maintains, and the State agrees, the convictions used in Defendant's habitual larceny information cannot also be used to calculate his PRL.

A criminal defendant is guilty of felony habitual larceny if a larceny is

> [c]ommitted after the defendant has been convicted in this State or in another jurisdiction for any offense of larceny under this section, or any offense deemed or punishable as larceny under this section, or of any substantially similar offense in any other jurisdiction, regardless of whether the prior convictions were misdemeanors, felonies, or a combination thereof, at least four times.

N.C. Gen. Stat. § 14-72(b)(6); *see also State v. Irvins*, 277 N.C. App. 101, 103, 858 S.E.2d 300, 302 (2021).

In *State v. Gentry*, our Court examined the habitual felon statute and applied its protections to the status charge of habitual driving while impaired:

> Obviously, our legislature recognized the basic unfairness and constitutional restrictions on using the same convictions both to elevate a defendant's sentencing status to that of an habitual felon, and then to increase his sentencing level. We believe it is reasonable to conclude that that same legislature did not intend that the convictions which elevate a misdemeanor driving while impaired conviction to the status of the felony of habitual driving while impaired, would then again be used to increase the sentencing level of the defendant.

135 N.C. App. 107, 111, 519 S.E.2d 68, 70–71 (1999).  The same logic applies here,

and for the purposes of habitual larceny status, the prior convictions used to elevate a Defendant's status may also not be used to increase his sentencing level.

The bill of information charging Defendant with habitual larceny relied on the following underlying convictions: (1) felony larceny from the person with a conviction date of 21 December 2010; (2) misdemeanor larceny with a conviction date of 16 June 2008; (3) misdemeanor larceny with a conviction date of 30 May 2008; and (4) felony larceny from the person with a conviction date of 4 April 2002. Accordingly, Defendant's structured sentencing worksheet tends to show Defendant's PRL included some of same convictions underlying the habitual larceny bill of information. *See Gentry*, 135 N.C. App. 107, 111, 519 S.E.2d 68, 70–71. This issue may also be properly resolved by the trial court when conducting an evidentiary hearing on remand.

### D. Gatekeeper Order

Defendant last argues the trial court erred by imposing an impermissible gatekeeper order barring him from filing future MARs. However, Defendant's second argument is moot since we vacate the order and remand for an evidentiary hearing.

### III. Conclusion

Since Defendant's MAR presented factual allegations which would entitle him to relief if true, we vacate the 12 April 2023 order summarily denying Defendant's MAR, and remand for an evidentiary hearing to determine Defendant's prior record level. *See State v. Allen*, 378 N.C. 286, 297, 861 S.E.2d 273, 282 (2021) ("When the

factual allegations would entitle the defendant to relief if true, and the defendant's filing provide some evidentiary basis for the allegations, then the MAR court must conduct an evidentiary hearing to determine the facts necessary to resolve the claim on its merits.").

VACATED AND REMANDED.

Panel Consisting of Judges ARROWOOD, GRIFFIN, and STADING.

Report per Rule 30(e).