STATE OF NORTH CAROLINA v. STANLEY MARION VARDIMAN

No. COA00-701

(Filed 2 October 2001)

### 1. Constitutional Law— double jeopardy—habitual impaired driving statute

The habitual impaired driving statute under N.C.G.S. § 20-138.5 does not violate the principles of double jeopardy because: (1) habitual impaired driving is a substantive offense and a punishment enhancement, recidivist, or repeat offender offense; and (2) while prior convictions of driving while impaired are the elements of the offense of habitual impaired driving, the statute does not impose punishment for the previous crimes but merely enhances punishment for the latest offense.

### 2. Motor Vehicles— habitual driving while impaired— constitutionality

The trial court did not unconstitutionally apply N.C.G.S. § 20-138.5 in an habitual impaired driving case even though two of defendant's misdemeanor driving while impaired convictions that were used in defendant's first habitual impaired driving conviction were used again in defendant's second habitual impaired driving conviction, because defendant was punished only one time for his most recent offense rather than being punished three times for each of the two misdemeanor driving while impaired convictions.

Judge GREENE dissenting.

Appeal by defendant from judgment entered 15 February 2000 by Judge Dennis J. Winner in Superior Court, Buncombe County. Heard in the Court of Appeals 15 May 2001.

*Attorney General Michael F. Easley, by Special Deputy Attorney General, Isaac T. Avery, III, and Assistant Attorney General Patricia A. Duffy, for the State.*

*Elmore, Elmore and Williams, P.A., by George Mason Oliver, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Stanley Marion Vardiman (defendant) was convicted of driving while impaired on 19 January 1990, 12 July 1991, and 22 July 1994. For each of these convictions he was sentenced with fines, imprisonment, and/or supervised probation. On 6 March 1995, following a fourth offense of driving while impaired, defendant was indicted for habitual impaired driving, having three prior driving while impaired convictions within the previous seven years. He pled guilty on 20 April 1995 and was sentenced to thirty months in the North Carolina Department of Correction.

On 7 December 1998, defendant was again indicted for habitual impaired driving based on his arrest on 25 July 1996 for driving while impaired after receiving three prior driving while impaired convictions in the previous seven years. After pleading guilty, defendant was sentenced to an imprisonment of twelve to fifteen months in the North Carolina Department of Correction.

On 10 January 2000, Judge Dennis J. Winner issued an order granting defendant a hearing on his motion for appropriate relief challenging the constitutionality of the habitual impaired driving statute. The hearing began on 1 February 2000, but recessed on 14 February 2000, when Judge Winner denied the motion and signed an order captioned "Certification of Appealability." The order asked this Court to issue a writ of certiorari in order to consider whether the habitual impaired driving statute is unconstitutional on its face, and whether the habitual impaired driving statute was unconstitutionally applied to defendant by the trial court. A writ of certiorari was granted by this Court.

---

The two issues presented in this appeal are: (I) whether North Carolina General Statutes section 20-138.5 (1999), the habitual impaired driving statute, violates the principles of double jeopardy under the United States and North Carolina Constitutions; (II) if North Carolina General Statutes section 20-138.5 is constitutional,

whether it was unconstitutionally applied in this case. We hold the statute to be constitutional on its face and as applied.

[1] Defendant argues that the habitual impaired driving statute is unconstitutional because it violates principles of double jeopardy. The habitual impaired driving statute provides that "a person commits the offense of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in G.S. 20-4.01(24a) within seven years of the date of this offense." N.C. Gen. Stat. § 20-138.5(a)(1999).

It is well settled that "the Double Jeopardy Clause of the North Carolina and United States Constitutions protect against . . . multiple punishments for the same offense." *State v. Gardner*, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986); *See also Brown v. Ohio*, 432 U.S. 161, 165, 53 L. Ed. 2d 187, 193 (1977); *North Carolina v. Pearce*, 395 U.S. 711, 717, 23 L. Ed. 2d 656, 665 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 104 L. Ed. 2d 865 (1989); *Green v. United States*, 355 U.S. 184, 188, 2 L. Ed. 2d 199, 204 (1957).

It is also well settled that recidivist statutes, or repeat-offender statutes, survive constitutional challenges in regard to double jeopardy challenges because they increase the severity of the punishment for the crime being prosecuted; they do not punish a previous crime a second time. *See e.g, Monge v. California*, 524 U.S. 721, 728, 141 L. Ed. 2d 615, 624 (1998)("[a]n enhanced sentence imposed on a persistent offender thus 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes' but as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.' ") (quoting *Gryger v. Burke*, 334 U.S. 728, 732, 92 L. Ed. 2d 1683, 1687 (1948)); *Nichols v. United States*, 511 U.S. 738, 747, 128 L. Ed. 2d 745, 754 (1994) (the Supreme Court "consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant").

Relying on *State v. Priddy*, 115 N.C. App. 547, 445 S.E.2d 610, *disc. review denied*, 337 N.C. 805, 449 S.E.2d 751 (1994), defendant argues that section 20-138.5 violates principles of double jeopardy, because it is a substantive offense that is capable of supporting a criminal sentence, not merely a status offense. Status offenses, such as North Carolina General Statutes section 14-7.1, the habitual felon statute, are not separate criminal offenses and do not run counter to double jeopardy concerns. *See e.g, State v. Allen*, 292 N.C. 431, 233

S.E.2d 585 (1977); *State v. Creason*, 123 N.C. App. 495, 473 S.E.2d 771 (1996), *affirmed*, 346 N.C. 165, 484 S.E.2d 525 (1997).

Defendant asserts that cases consistently draw a distinction between a substantive and a status offense in assessing double jeopardy concerns, concluding that a substantive offense implicates double jeopardy concerns whereas a status offense does not. Indeed, numerous cases throughout our nation's appellate court system seem to stand for this proposition. *See e.g, Baker v. Duckworth*, 752 F.2d 302, 304 (7th Cir. 1985), *cert. denied*, 472 U.S. 1019, 87 L. Ed. 2d 618 (1985) (Indiana's habitual offender statute "does not create a separate crime . . . . Thus, an habitual criminal who receives an enhanced sentence pursuant to an habitual offender statute does not receive additional punishment for his previous offenses."); *Sudds v. Maggio*, 696 F.2d 415, 417 (5th Cir. 1983) ("Under the Texas habitual offender statute . . . the prior conviction is used only for enhancement of the sentence, not as an element of the subsequent crime. This statute does not violate the prohibition against double jeopardy."); *Davis v. Bennett*, 400 F.2d 279, 282 (8th Cir. 1968), *cert. denied*, 395 U.S. 980, 23 L. Ed. 2d 768 (1969) ("It has therefore uniformly been held that since habitual criminal statutes do not constitute separate offenses, they do not violate double jeopardy as to prior convictions."); *People v. Dunigan*, 650 N.E.2d 1026, 1029 (Ill. 1995) ("habitual criminal statutes do not define a new or independent criminal offense . . . . The Act does not punish a defendant again for his prior felony convictions, nor are those convictions elements of the most recent felony offense[.]"); *State v. Torrez*, 687 P.2d 1292, 1294 (Ariz. Ct. App. 1984) ("Statutes authorizing the infliction of more serious penalties on one who is a persistent offender do not create a new, separate, distinct, independent or substantive offense."). In arguing that a substantive/status distinction is the answer to the issue of the case *sub judice*, however, defendant is oversimplifying the issue.

Habitual impaired driving is a substantive offense. *See Priddy*, 115 N.C. App. at 548, 445 S.E.2d at 612. *Priddy* holds that habitual impaired driving is a substantive offense because the statute:

> explicitly provides that '[a] person commits the offense of habitual impaired driving if. . . .' and contains two elements which the State must prove beyond a reasonable doubt: (1) that the defendant drives while impaired . . . and (2) that the defendant has been convicted of three or more offenses involving impaired driving. . . . By comparison, the habitual felon statute, which is solely a penalty enhancement statute, states, in relevant part:

'[a]ny person who has been convicted of or pled guilty to three felony offenses . . . is declared to be an habitual felon.' Because G.S. § 14-7.1 simply defines certain persons to be habitual felons, who, as such, are subject to greater punishment for criminal offenses, our Supreme Court has held that being an habitual felon is not a crime and cannot support, standing alone, a criminal sentence. Rather, being an habitual felon is a status justifying an increased punishment for the principal felony. By contrast, the legislature chose the specific language to define the crime of habitual impaired driving as a separate felony offense, capable of supporting a criminal sentence.

*Priddy* at 548-49, 445 S.E.2d at 612 (1994) (citation omitted).

In *Priddy*, the Court concluded that "the legislature must not have intended to make habitual impaired driving *solely* a punishment enhancement status." *Priddy* at 549, 445 S.E.d at 612 (emphasis added). We emphasize the word "solely" because it contextualizes the mistake defendant makes in arguing that habitual impaired driving is a substantive offense rather than a status offense. Statutes criminalizing behavior such as theft and murder, which are substantive offenses, are subject to double jeopardy analysis. Habitual impaired driving, however, is a substantive offense *and* a punishment enhancement (or recidivist, or repeat-offender) offense.

It is not disputed that the habitual impaired driving statute is a recidivist statute. Of the aforementioned cases that draw a distinction between substantive and status offenses, none hold a recidivist statute unconstitutional for double jeopardy reasons. Throughout the country, recidivist statutes are routinely upheld against double jeopardy concerns. The more authentic distinction to be drawn in assessing double jeopardy concerns is between recidivist and non-recidivist statutes, not between substantive and status offenses. While most recidivist statutes are set out in language that makes them classifiable as status offenses, the difference between a status offense and the habitual impaired driving statute, a substantive offense, is merely one of form, not substance. Prior convictions of driving while impaired are the elements of the offense of habitual impaired driving, but the statute "does not impose punishment for [these] previous crimes, [it] imposes an enhanced punishment" for the latest offense. *State v. Smith*, 139 N.C. App. 209, 214, 533 S.E.2d 518, 521 (2000).

Relying on *Priddy*, this Court in *Smith* also held North Carolina General Statutes section 14-33.2, the habitual misdemeanor assault

statute, to be a substantive offense and not "merely a status." *Id.* at 212, 533 S.E.2d at 521. The *Smith* Court reasoned that the habitual misdemeanor assault statute was congruent in form to the habitual driving while impaired statute such that both were substantive and not "merely" status offenses. *Id.* at 213, 533 S.E.2d at 520. However, in determining whether the habitual misdemeanor assault statute withstood constitutional scrutiny in regard to the prohibition against *ex post facto* laws, the fact that the statute was a sentence enhancement statute, not the fact that it was a substantive offense, was dispositive. The *Smith* Court compared the habitual misdemeanor assault statute to the habitual felon statute, concluding that because neither statute "impose[s] punishment for previous crimes, but imposes an enhanced punishment . . . because of the repetitive nature of such behavior," neither statute violated the prohibition on *ex post facto* laws. *Id.* at 214-15, 533 S.E.2d at 521. It follows in the case at bar, then, that the habitual driving while impaired statute does not violate the prohibition on double jeopardy, because it enhances punishment for present conduct rather than repunishing for past conduct. We hold that the habitual impaired driving statute does not punish prior convictions a second time, but rather punishes the most recent conviction more severely because of the prior convictions. We therefore uphold the constitutionality of the habitual impaired driving statute.

Defendant further argues that because section 20-138.5 encompasses prior driving while impaired convictions as *elements* of the crime of habitual driving while impaired, the statute unconstitutionally violates the double jeopardy clause. Again, this argument does not survive a double jeopardy analysis. Defendant cites a litany of cases that seem to stand for the proposition that "when a criminal offense *in its entirety* is an essential element of another offense a defendant may not be punished for both offenses." *State v. Williams*, 295 N.C. 655, 659, 249 S.E.2d 709, 713 (1978)(emphasis added). The United States Supreme Court, however, distinguishes *prior convictions* as elements of a crime from other elements of a crime, holding that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000)(emphasis added). *Apprendi* is in line with our conclusion in the case *sub judice*, that whether a statute survives a double jeopardy constitutional analysis does not depend on whether the statute is called substantive or status, or whether the statute is com-

prised of elements or sentencing factors, but what the statute accomplishes in reality. The point that "[l]abels do not afford an acceptable answer . . . applies as well . . . to the constitutionally novel and elusive distinction between 'elements' and 'sentencing factors.' " *Apprendi* at 494, 147 L. Ed. 2d at 457 (citation omitted) (alteration in original). "Despite what appears to us the clear 'elemental' nature of the factor here, the relevant inquiry is one not of form, but of effect[.]" *Id.* The effect of section 20-138.5 is that a defendant is punished more severely for a recent crime based on having committed previous crimes. Consequently, section 20-138.5 does not violate the United States and North Carolina Constitutions.

**[2]** Defendant's other argument on appeal is that section 20-138.5 is unconstitutional as applied to defendant in the case at bar. This argument is without merit. Two of defendant's misdemeanor driving while impaired convictions that were used in defendant's first habitual impaired driving conviction were used again in defendant's second habitual impaired driving conviction. Defendant argues that this placed him twice in jeopardy for the same crime. We have already decided that the habitual impaired driving statute is not unconstitutional on its face because it is a recidivist statute that punishes the most recent offense more severely. Rather than being punished three times for each of the two misdemeanor driving while impaired convictions, as defendant argues, defendant was punished only one time for his most recent offense, though more severely.

Based on the foregoing, we conclude that defendant received a fair trial, free from prejudicial error.

No error.

Judge JOHN concurs.

Judge GREENE dissents.

GREENE, Judge, dissenting.

Because I believe prosecution for habitual impaired driving violates the prohibition against double jeopardy, I respectfully dissent.

If "a criminal offense in its entirety is an essential element of another offense[,] a defendant may not be punished for both offenses," as punishment for both offenses violates the prohibition against double jeopardy. *State v. Williams*, 295 N.C. 655, 659, 249

S.E.2d 709, 713 (1978). Because habitual impaired driving is a sub-
stantive offense, not a status, *State v. Priddy*, 115 N.C. App. 547, 550,
445 S.E.2d 610, 612, *disc. review denied*, 337 N.C. 805, 449 S.E.2d 751
(1994), and because convictions for three or more offenses involving
impaired driving are necessary elements of the habitual impaired
driving offense, N.C.G.S. § 20-138.5(a) (1999), the defense of double
jeopardy bars the prosecution for habitual impaired driving, *see State
v. Freeland*, 316 N.C. 13, 21, 340 S.E.2d 35, 39 (1986) (double jeopardy
barred prosecution of defendant for both first-degree kidnapping and
underlying sexual offense); *State v. Cherry*, 298 N.C. 86, 113, 257
S.E.2d 551, 567 (1979) (defendant convicted of first-degree murder
under the felony-murder rule cannot also be convicted of the under-
lying felony), *cert. denied*, 446 U.S. 941, 64 L. Ed. 2d 796 (1980).