STATE OF NORTH CAROLINA v. KENNETH DALE HYDEN, DEFENDANT

No. COA04-1162

(Filed 17 January 2006)

**1. Criminal Law— order establishing conviction of crimes— guilty plea**

Defendant's contention that there was no order of the court establishing his convictions of the crimes of involuntary manslaughter, reckless driving, driving while license revoked, fictitious tag, unsafe movement, hit and run with property damage, and hit and run with personal property case is without merit. Although defendant challenges his guilty plea by contending the trial court examined him on his transcript of plea but then went directly to a summary of the factual basis of the plea without accepting the plea or ordering it to be recorded, the transcript of plea was signed by defendant, both counsel, and the court, and the record contains the judgment and commitment also signed by the court.

STATE v. HYDEN

[175 N.C. App. 576 (2006)]

**2. Sentencing— prior record level—driving while impaired convictions**

The trial court did not err by counting all five of defendant's prior driving while impaired convictions when determining his prior record level under N.C.G.S. § 15A-1340.14 for purposes of sentencing even though defendant contends that three of the driving while impaired convictions were also elements of the two habitual impaired driving convictions, because: (1) although prior convictions of driving while impaired are elements of the offense of habitual impaired driving, the statute does not impose punishment for these previous crimes but instead imposes an enhanced punishment for the latest offense; (2) on each occasion that defendant was sentenced as a felon, it was based on the new instance of DWI being considered a more serious violation in light of defendant's recidivist record; (3) defendant was convicted of five separate instances of DWI, some deemed by the General Assembly to be misdemeanors and some deemed to be felonies; and (4) to hold otherwise renders habitual driving while impaired a status rather than an offense which is contrary to N.C.G.S. § 20-138.5 and prior decisions of the Court of Appeals.

**3. Sentencing—aggravated range—failure to submit aggravating factors to jury—*Blakely* error**

The trial court erred by sentencing defendant in the aggravated range without submitting the aggravating factors found by the court to the jury. Contrary to the State's contention, there was no indication in the record that defendant stipulated or otherwise admitted the existence of the aggravating factors.

Appeal by defendant from judgment entered 15 December 2003 by Judge Zoro J. Guice, Jr. in Buncombe County Superior Court. Heard in the Court of Appeals 11 May 2005.

*Attorney General Roy Cooper, by Assistant Attorney General John W. Congleton, for the State.*

*Hall & Hall Attorneys at Law, P.C., by Douglas L. Hall, for defendant-appellant.*

GEER, Judge.

Defendant Kenneth Dale Hyden appeals from his guilty plea to involuntary manslaughter, reckless driving, driving while license revoked, fictitious tag, unsafe movement, hit and run with property

damage, and hit and run with personal injury. On appeal, defendant primarily contends that the trial court incorrectly calculated his prior record level and that he was sentenced in the aggravated range in violation of *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004) and *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005). With respect to his prior record level, defendant argues that the trial judge should not have counted three prior misdemeanor driving while impaired convictions when those convictions formed the basis for his two convictions of habitual impaired driving, which were also included in the prior record level calculation. Defendant had five prior convictions based on his driving while impaired, three categorized as misdemeanors and two as felonies. We hold that the trial court properly counted all five convictions when determining his prior record level for purposes of sentencing him on the charge of involuntary manslaughter and the six other related charges. We agree, however, that he is entitled to a new sentencing hearing under *Blakely* and *Allen*.

The evidence tended to show that, on 6 July 2003, as defendant drove along Leicester Highway in Asheville, he passed other vehicles that had stopped for a traffic light and struck a car driven by Carol Morrow, who was turning onto the highway. Ms. Morrow died as a result of the accident and her two minor grandchildren, passengers in the car, were injured. Defendant left the scene, but turned himself into the police approximately 18 hours later and gave a statement acknowledging substance abuse before the collision.

On 1 December 2003, defendant was indicted for felony hit and run, failure to stop with personal injury, failure to stop causing property damage, driving while license revoked, reckless driving to endanger, involuntary manslaughter, fictitious tag, unsafe movement, and hit and run. On 15 December 2003, defendant entered into a plea agreement with the State and pled guilty to driving while license revoked, reckless driving, involuntary manslaughter, fictitious tag, unsafe movement, hit and run with property damage, and hit and run with personal injury. The parties stipulated that all of the charges would be consolidated into a single Class F felony for judgment. After finding that defendant had 14 points, resulting in a prior record level IV, the court found several aggravating factors and sentenced defendant to 31 to 38 months in prison.

## Discussion

[1] Defendant first challenges his guilty plea, contending that the trial court examined him on his transcript of plea, but then went

directly to a summary of the factual basis of the plea without accepting the plea or ordering it to be recorded. Nevertheless, the transcript of plea was signed by defendant, both counsel, and the court, and the record contains the judgment and commitment also signed by the court. Defendant's contention that there was no order of the court establishing his conviction of the crimes is without merit.

[2] Defendant next contends that the trial court incorrectly calculated his prior record level under N.C. Gen. Stat. § 15A-1340.14 (2003). In arriving at the figure of 14 points, the trial judge counted two prior convictions for habitual impaired driving (Class F felonies carrying four points each), three prior driving while impaired convictions (misdemeanors resulting in one point each), and three prior non-traffic misdemeanors (carrying one point each). Defendant argues that the trial judge should not have counted the three driving while impaired convictions because those convictions were also elements of the habitual impaired driving convictions. We disagree.

N.C. Gen. Stat. § 15A-1340.14(b)(3) requires a trial court, in calculating a defendant's prior record level, to assign four points for each prior Class E, F, or G felony conviction. Defendant was twice convicted for habitual impaired driving under N.C. Gen. Stat. § 20-138.5(a) (2003), which provides: "A person commits the offense of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in G.S. 20-4.01(24a) within seven years of the date of this offense." The offense of habitual impaired driving is a Class F felony. N.C. Gen. Stat. § 20-138.5(b).

Under the plain language of the statute, in order to be convicted of habitual impaired driving, there must have been at least four instances of driving while impaired ("DWI"): the current offense being tried together with three prior convictions for DWI. As this Court has previously held, "[p]rior convictions of driving while impaired are the elements of the offense of habitual impaired driving, but the statute 'does not impose punishment for [these] previous crimes, [it] imposes an enhanced punishment' *for the latest offense."* *State v. Vardiman,* 146 N.C. App. 381, 385, 552 S.E.2d 697, 700 (2001) (emphasis added) (quoting *State v. Smith,* 139 N.C. App. 209, 214, 533 S.E.2d 518, 521, *appeal dismissed,* 353 N.C. 277, 546 S.E.2d 391 (2000)), *appeal dismissed,* 355 N.C. 222, 559 S.E.2d 794, *cert. denied,* 537 U.S. 833, 154 L. Ed. 2d 51, 123 S. Ct. 142 (2002). In rejecting a double jeopardy claim, the *Vardiman* panel wrote:

It follows in the case at bar, then, that the habitual driving while impaired statute does not violate the prohibition on double jeopardy, because it enhances punishment for present conduct rather than repunishing for past conduct. We hold that the habitual impaired driving statute does not punish prior convictions a second time, *but rather punishes the most recent conviction more severely* because of the prior convictions.

*Id.* at 386, 552 S.E.2d at 701 (emphasis added).

In light of *Vardiman,* we reject defendant's claim that the trial judge's calculation of his prior record level represents a double-counting of convictions. Defendant's prior record included five instances of DWI, three of which were punished as misdemeanors and two of which were punished as felonies. On each occasion that defendant was sentenced as a felon, it was because that new instance of DWI was considered a more serious violation in light of his recidivist record. As *Vardiman* establishes, the felony status is not the result of further punishing of prior instances of DWI. Because each of these felony convictions involve separate offenses of DWI that have simply been punished more severely, there is no basis for declining to include these convictions in calculating defendant's prior record level. *See also State v. Baldwin,* 117 N.C. App. 713, 716, 453 S.E.2d 193, 194 ("Habitual impaired driving is a substantive felony offense. Therefore, a conviction for that offense may serve as the basis for enhancement to habitual felon status." (internal citation omitted)), *cert. denied,* 341 N.C. 653, 462 S.E.2d 518 (1995).

We do not believe that *State v. Gentry,* 135 N.C. App. 107, 519 S.E.2d 68 (1999), relied upon by defendant, mandates a different result. In *Gentry,* this Court concluded that the General Assembly "did not intend that the convictions which elevate a misdemeanor driving while impaired conviction to the status of the felony of habitual driving while impaired, would then again be used to increase the sentencing level of the defendant." *Id.* at 111, 519 S.E.2d at 70-71. *Gentry* did present an instance of double-counting. The defendant's sentence for his current DWI was first enhanced from a misdemeanor to a felony as a result of three prior DWI convictions and then was enhanced a second time by those same prior convictions when they were counted as part of his prior record level.

Here, by contrast, defendant was convicted of five separate instances of DWI, some deemed by the General Assembly to be misdemeanors and some deemed to be felonies. The question presented

in this case is not whether these convictions may elevate a sentencing status and simultaneously also increase the sentencing level. It is whether each of defendant's prior convictions should count towards his prior record level when sentencing defendant for involuntary manslaughter and six other charges. The trial judge did not err in counting all five DWI convictions in calculating defendant's prior record level. To hold otherwise renders habitual impaired driving a status rather than an offense, contrary to N.C. Gen. Stat. § 20-138.5 and this Court's prior decisions.

[3] Even though the trial court properly calculated the prior record level, resentencing is necessary under *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005). The trial court, in sentencing defendant, found one statutory aggravating factor and two non-statutory aggravating factors over defendant's objection. Contrary to the State's contention, there is no indication in the record that defendant stipulated to or otherwise admitted the existence of the aggravating factors. Accordingly, defendant's sentence violates *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004). In *Allen*, our Supreme Court held that this error is "structural and, therefore, reversible *per se*." 359 N.C. at 449, 615 S.E.2d at 272.

Affirmed in part; and remanded for a new sentencing hearing in part.

Judges HUNTER and HUDSON concur.