STATE OF NORTH CAROLINA v. JARVIS DEON MASSEY

No. COA05-1636

(Filed 17 October 2006)

**Constitutional Law— double jeopardy—habitual misdemeanor assault—recidivist statutes—sentence enhancers**

Despite numerous appellate rules violations, the Court of Appeals exercised its discretionary authority under N.C. R. App. P. 2 and determined that the trial court did not violate the Fifth Amendment prohibition against double jeopardy by convicting defendant of habitual misdemeanor assault even though defendant contends the *Apprendi, Blakely*, and *Allen* cases allegedly prohibit the use of sentence enhancers, because: (1) despite challenges to the constitutionality of N.C.G.S. § 14-33.2, the Court of Appeals has conclusively upheld the habitual misdemeanor assault statute in *State v. Carpenter*, 155 N.C. App. 35 (2002), which was two years after the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) recidivist statutes, or repeat-offender statutes, survive constitutional challenges in regard to double jeopardy challenges since they increase the severity of the punishment for the crime being prosecuted and do not punish a previous crime a second time; (3) contrary to defendant's assertion, *Blakely v. Washington*, 542 U.S. 466 (2004), explicitly permits sentence enhancements provided that sentence enhancements, with the exception of prior convictions, are found beyond a reasonable doubt by the jury; (4) our Supreme Court noted in *State v. Allen*, 359 N.C. 425 (2005), that the crux of *Blakely* was to eliminate fact-finding by the court that increased a defendant's sentence beyond the statutory maximum; and (5) *Apprendi* and *Blakely* applied the Sixth Amendment right to a jury trial to sentence enhancements whereas defendant's argument is directed at the Fifth Amendment prohibition against double jeopardy.

Appeal by defendant from judgment entered 31 August 2005 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 18 September 2006.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Iain Stauffer, for the State.*

*Bruce T. Cunningham, Jr., for defendant.*

STATE v. MASSEY

[179 N.C. App. 803 (2006)]

JACKSON, Judge.

On 31 August 2005, the Honorable Robert P. Johnston of the Mecklenburg County Superior Court entered a judgment upon a jury verdict finding Jarvis Deon Massey ("defendant") guilty of assault on a female and habitual misdemeanor assault. Defendant filed timely notice of appeal.

On 21 January 2005, Sergeant Lawrence Williams of the Charlotte-Mecklenburg Police Department observed defendant driving a car in Charlotte, North Carolina. Taneisha Carroll ("Carroll") sat next to defendant in the front passenger seat of the car while two small children, one of which was in a car seat, sat in the back seat of the vehicle. While stopped at a red traffic light, Carroll opened the passenger door of the car and attempted to exit the vehicle. As she placed her right foot on the ground, defendant began pulling her back into the car. During the struggle, defendant grabbed Carroll's left arm and pulled her hair. After grabbing her by the neck, defendant pulled Carroll back into the vehicle and shoved her head into the dashboard. Meanwhile, the traffic light turned green, but Carroll still struggled to leave the vehicle. Defendant shoved her head into the dashboard a second time and pulled her over toward him. When Carroll raised back up, defendant struck her in the head or neck at least three times with his right fist. Defendant, whose car was now three or four car lengths behind the next vehicle in his lane, quickly accelerated his vehicle through the intersection. Sergeant Williams, who was off duty and in his personal vehicle in the lane next to defendant's at the traffic light, observed the assault, radioed police headquarters, and followed defendant's car.

A few miles later, defendant stopped at another red traffic light, and again, Carroll attempted to leave the car. As Carroll opened the car door, defendant grabbed her neck, pulled her back into the car, and struck her three more times in the neck or face. When the light turned green, defendant accelerated hard through the intersection and crossed the center line into an on-coming traffic lane. Defendant crossed back over the center line and abruptly pulled in front of Sergeant Williams' vehicle. Defendant continued struggling with Carroll, and the passenger door, which never had been closed completely, was swinging wide open.

Defendant stopped at another red traffic light, and when Carroll attempted once more to exit the vehicle, defendant grabbed Carroll's arm and neck and struck her at least three more times with his right

fist. Sergeant Williams, who at the time was no more than one car length away from defendant's vehicle, could hear the children in the car yelling and crying.

After the light turned green, defendant turned onto another road, and Carroll continued trying to exit the vehicle. Defendant struck Carroll at least two more times with his fists. Defendant once again crossed the center line and traveled in the direction of on-coming traffic. After returning to the right-hand side of the road, defendant accelerated quickly but slowed down prior to turning into a residential neighborhood. After turning down another road, defendant pulled into a driveway to a single residence home.

Sergeant Williams parked his vehicle in front of the house next door and watched as defendant and Carroll yelled at one another while in the driveway. Ultimately, Carroll led the older child out of the car and into the house, and defendant took the younger child out of the car seat and brought the child into the house. Defendant then came out of the house and sat on the front porch. When the back-up police units arrived, he ran back into the house. The officers walked up to the house and knocked on the front door, announcing that they were police officers and requesting entry into the house. Defendant did not go to and open the door, but instead, he went to the window next to the door and spoke to the officers through the window. The officers instructed defendant to open the door, but he did not comply and was uncooperative. The police eventually obtained access to the house when Carroll, not defendant, opened the door. Officers observed that Carroll was crying and shaking, and she had scratches on her neck. Officers arrested defendant, who continued to be uncooperative and refused to place his hands behind his back. Officers were forced to pin defendant against the wall to gain control of him, and during the arrest, one officer detected an odor of alcohol emanating from defendant.

Defendant was indicted for habitual misdemeanor assault, and prior to trial, defendant admitted to two prior convictions for misdemeanor assault on a female. On 31 August 2005, defendant again was found guilty of misdemeanor assault on a female, and, based on his admission to the prior assaults, was convicted under the habitual misdemeanor assault statute. N.C. Gen. Stat. § 14-33.2 (2005). Accordingly, defendant was sentenced in the presumptive range to a minimum of eight months imprisonment with a corresponding maximum of ten months.

STATE v. MASSEY

[179 N.C. App. 803 (2006)]

On appeal, defendant contends that his case raises an issue of first impression in North Carolina as to the validity of a conviction for habitual misdemeanor assault after the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), and the North Carolina Supreme Court's decision in *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005). Specifically, defendant now argues that the *Apprendi* line of cases prohibits the use of "sentence enhancers" and that as a result, the crime of habitual misdemeanor assault is barred by the Fifth Amendment's prohibition against double jeopardy.

First, it must be noted that the issue raised by defendant was not preserved for appellate review. Defendant appeals from the denial of his Motion to Dismiss filed on 5 July 2005. In that motion, defendant contended that the use of prior convictions for misdemeanor assault on a female to support his conviction for habitual misdemeanor assault violated his Fifth Amendment protection against double jeopardy. This very argument, as will be discussed *infra*, already has been rejected by this Court, and, thus, the trial court appropriately denied defendant's motion. Now, on appeal, defendant attempts to renew his argument, but he frames it differently in terms of the effect that the *Apprendi* and *Blakely* decisions might have on the habitual misdemeanor assault statute. Although both the *Apprendi* and *Blakely* decisions predated defendant's trial, this specific issue was not presented to and ruled upon by the trial court below. *See* N.C. R. App. P. 10(b)(1) (2006).

Furthermore, defendant's brief violates Rules 26(g)(2) and 28(b)(1) of the North Carolina Rules of Appellate Procedure. Specifically, defendant has failed to include a subject index and table of authorities. *See* N.C. R. App. P. 26(g)(2), 28(b)(1) (2006). Additionally, defendant has failed to provide "[a] full and complete statement of the facts." N.C. R. App. P. 28(b)(5) (2006). Instead, defendant's "Statement of Facts" includes the question presented as well as part of the procedural history of the case. Defendant does not discuss any of the facts that led to his arrest nor does he "reference[] to pages in the transcript of proceedings, the record on appeal, or exhibits, as the case may be." *Id.* Finally, defendant has failed to identify the assignment of error "by the pages at which [it] appear[s] in the printed record on appeal." N.C. R. App. P. 28(b)(6) (2006).

As a result of the substantial procedural errors discussed *supra*, this Court could decline to reach the merits of defendant's case. *See*

*Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (per curiam), *reh'g denied*, 359 N.C. 643, 617 S.E.2d 662 (2005). Nevertheless, in its discretion, this Court will address the substance of defendant's argument. *See* N.C. R. App. P. 2 (2006).

The jury found defendant guilty of assault on a female, and, as a result of his admission to two prior convictions for misdemeanor assault on a female, the court entered a judgment against defendant that included a violation of North Carolina General Statutes, section 14-33.2. Section 14-33.2, the habitual misdemeanor assault statute, provides that

> [a] person commits the offense of habitual misdemeanor assault if that person violates any of the provisions of G.S. 14-33 and causes physical injury, or G.S. 14-34, and has two or more prior convictions for either misdemeanor or felony assault, with the earlier of the two prior convictions occurring no more than 15 years prior to the date of the current violation.

N.C. Gen. Stat. § 14-33.2 (2005). Violation of this statute, in turn, constitutes a Class H felony. *Id.*

Despite challenges to the statute's constitutionality,[1] this Court conclusively upheld the habitual misdemeanor assault statute in *State v. Carpenter*, 155 N.C. App. 35, 573 S.E.2d 668 (2002), *disc. rev. denied*, 356 N.C. 681, 577 S.E.2d 896 (2003). *Carpenter* was decided two years *after* the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435. *Carpenter*, in turn, was cited favorably as recently as last year. *See State v. Forrest*, 168 N.C. App. 614, 624, 609 S.E.2d 241, 247 (2005). In *Carpenter*, this Court held that habitual misdemeanor assault is a substantive offense and a sentence enhancement. *Carpenter*, 155 N.C. App. at 49, 573 S.E.2d at 677. Defendant contends that *Carpenter* is no longer good law because, as defendant claims, *Apprendi* and *Blakely* eliminated the use of "sentence enhancers." Thus, defendant contends that habitual misdemeanor assault is a substantive offense only, and accordingly, defendant is being prosecuted twice for the same crime in violation of his Fifth Amendment protection against double jeopardy.

"It is well settled that '[t]he Double Jeopardy Clause of the North Carolina and United States Constitutions protect against . . . multiple

---

1. *See, e.g.,* Jason White, Comment, *Once, Twice, Four Times a Felon: North Carolina's Unconstitutional Recidivist Statues*, 24 Campbell L. Rev. 115 (2001).

punishments for the same offense.' " *State v. Vardiman,* 146 N.C. App. 381, 383, 552 S.E.2d 697, 699 (2001) (first alteration added) (quoting *State v. Strohauer,* 84 N.C. App. 68, 72, 351 S.E.2d 823, 826 (1987)), *appeal dismissed,* 355 N.C. 222, 559 S.E.2d 794, *cert. denied,* 537 U.S. 833, 154 L. Ed. 2d 51 (2002). In *Vardiman,* this Court addressed the constitutionality of the habitual impaired driving statute, a recidivist statute analogous to the habitual misdemeanor assault statute at issue in the case *sub judice.* This Court noted that "recidivist statutes, or repeat-offender statutes, survive constitutional challenges in regard to double jeopardy challenges because they increase the severity of the punishment for the crime being prosecuted; *they do not punish a previous crime a second time." Id.* at 383, 552 S.E.2d at 699 (emphasis added).

Although defendant contends that the *Apprendi* line of cases renders habitual misdemeanor assault unconstitutional as violative of the prohibition against double jeopardy, defendant reads too much into *Apprendi* and its progeny. *Blakely* explicitly *permits* sentence enhancements provided that sentence enhancements, with the exception of prior convictions, are found beyond a reasonable doubt by the jury. *See Blakely,* 542 U.S. at 301, 159 L. Ed. 2d at 412 (quoting *Apprendi,* 530 U.S. at 490, 147 L. Ed. 2d at 455). In fact, the United States Supreme Court expressly permitted sentence enhancements imposed by a judge when the defendant stipulates to the relevant facts or consents to judicial fact-finding. *Id.* at 310, 159 L. Ed. 2d at 417-18. As the North Carolina Supreme Court noted, the crux of *Blakely* was to eliminate fact-finding by the court that increased a defendant's sentence beyond the statutory maximum. *See State v. Allen,* 359 N.C. 425, 445, 615 S.E.2d 256, 270 (2005), *vacated on other grounds,* No. 485PA04, 2006 N.C. LEXIS 1012 (N.C. Aug. 17, 2006). In essence, *Apprendi* and *Blakely* applied the Sixth Amendment right to a jury trial to sentence enhancements. Defendant's argument, however, is directed at the *Fifth* Amendment prohibition against double jeopardy, and accordingly, *Apprendi* and *Blakely* are inapposite.

We decline to extend the Supreme Court's holdings in *Apprendi* and *Blakely* to the habitual misdemeanor assault statute, and as we are bound by prior decisions of a panel of this Court, *see In re Appeal from Civil Penalty,* 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), defendant's argument is precluded by *State v. Carpenter,* 155 N.C. App. 35, 573 S.E.2d 668. Accordingly, we hold no error.

No error.

Chief Judge MARTIN and Judge ELMORE concur.