STATE OF NORTH CAROLINA v. KENNETH RICHARD JOHNSON, Defendant

No. COA06-1551

(Filed 6 November 2007)

### 1. Constitutional Law— right against double jeopardy— habitual DWI—prior rejection of same argument

Although defendant contends he has already been punished for the predicate offenses for his habitual DWI charge and that his habitual DWI conviction therefore violated the constitutional prohibition against double jeopardy, defendant conceded that the Court of Appeals has already rejected this argument.

### 2. Motor Vehicles— habitual DWI—harsher punishment for subsequent offenses

The trial court did not commit plain error or lack jurisdiction to sentence defendant as a felon in a habitual DWI case even though the trial court relied on the same predicate offenses in his habitual DWI conviction as a Guilford County court relied on in sentencing him for a different habitual DWI charge, because rather than being punished three times for each of the two misdemeanor driving while impaired convictions, defendant was punished only one time for his most recent offense, although more severely.

### 3. Evidence— opinion testimony—sobriety

The trial court did not err in a habitual DWI case by allowing an officer to present opinion evidence regarding defendant's sobriety, because: (1) a lay person may give his opinion as to whether a person is intoxicated so long as that opinion is based on the witness's personal observation; and (2) there was no dispute that the officer personally observed defendant and that he based his opinion on those observations.

### 4. Constitutional Law— right to remain silent—plain error analysis

The trial court did not commit plain error in a habitual DWI case by allowing an officer to testify as to whether defendant asked any questions about why he was being arrested even though defendant contends it was an improper comment on defendant's constitutional right to remain silent, because considering the plethora of evidence against defendant, it cannot be said that a different result would have occurred absent this questioning or that defendant was denied a fair trial.

STATE v. JOHNSON

[187 N.C. App. 190 (2007)]

**5. Motor Vehicles— driving while impaired—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the DWI charge based on insufficient evidence, because: (1) defendant presented no real argument; and (2) defendant was pulled over with open containers of alcohol in the passenger compartment of his vehicle, officers observed him in a visibly impaired condition, there was a strong odor of alcohol in the car, defendant refused to take an Intoxilyzer test, and defendant passed out shortly thereafter.

**6. Constitutional Law— right to jury trial—requesting numerical division—plain error analysis—alleged coercion of verdict**

The trial court did not commit plain error in a habitual DWI case by asking the jury for a numerical division even though defendant contends it effectively coerced a verdict, because a totality of the circumstances review revealed that: (1) an inquiry as to a division without asking which votes were for conviction or acquittal is not inherently coercive or a violation of defendant's right to a jury trial; and (2) the court did not convey the impression that it was irritated with the jury for not reaching a verdict, it did not intimate that it would hold the jury until it reached a verdict, and it did not tell the jury that a retrial would burden the court system.

Appeal by defendant from judgments entered 6 July 2006 by Judge Steve A. Balog in Alamance County Superior Court. Heard in the Court of Appeals 7 June 2007.

*Attorney General Roy Cooper, by Special Counsel Isaac T. Avery, III, for the State.*

*Daniel F. Read, for defendant.*

ELMORE, Judge.

On 7 May 2004, Officer Brian Becmer of the Burlington Police Department observed a speeding truck. He pursued the vehicle with his blue lights flashing, eventually accelerating to between seventy and eighty miles per hour before finally catching it. When the truck stopped, Officer Becmer observed "a lot of movement inside the vehicle," which was occupied by two people.

Upon approaching the truck, Officer Becmer observed an open container of beer and smelled a strong odor of alcohol. The driver, Kenneth Richard Johnson (defendant), had bloodshot, glassy eyes, and when Officer Becmer requested his license, defendant replied that he did not have one because it was suspended. Defendant claimed to have had two beers. Officer Becmer arrested defendant for Driving While Intoxicated (DWI) and Driving While License Revoked (DWLR). When Officer Becmer searched defendant's car, he discovered an open bottle of brandy, two unopened beer cans, two empty beer cans, and one open can of beer.

Defendant was unsteady as he walked to the police car, and fell asleep once inside it. Officer Becmer read defendant his Intoxilyzer rights, which defendant signed. Defendant "passed out or fell asleep" approximately three minutes later. When the officers woke him up, defendant refused to submit to the Intoxilyzer test.

Defendant was indicted for DWLR and habitual DWI. He was convicted of the DWLR charge, but following a hung jury, the trial judge declared a mistrial as to his habitual DWI charge. On retrial, defendant was found guilty of the habitual DWI. It is from this judgment that he now appeals.

[1] Defendant first contends that he has already been punished for the predicate offenses to his habitual DWI charge, and that his habitual DWI conviction therefore violates the constitutional prohibition against double jeopardy. As defendant concedes, this Court has previously rejected this argument in *State v. Vardiman*, 146 N.C. App. 381, 552 S.E.2d 697 (2001). We decline his request to revisit this issue; defendant's first argument is without merit.

[2] Defendant next claims that the trial court committed plain error and lacked jurisdiction in sentencing him as a felon because the trial court relied on the same predicate offenses in his habitual DWI conviction as a Guilford County court relied on in sentencing him for a different habitual DWI charge.[1] Defendant argues that this situation results "in him being punished twice for the same offenses." We disagree.

As the State notes, this issue is also foreclosed by our decision in *Vardiman*. In that case, "[t]wo of [the] defendant's misdemeanor driving while impaired convictions that were used in [his] first habitual impaired driving conviction were used again in [his] second habit-

---

1. That case is also currently before this Court (COA06-1552).

ual impaired driving conviction." *Id.* at 387, 552 S.E.2d at 701. As we stated in that case, "[r]ather than being punished three times for each of the two misdemeanor driving while impaired convictions, as defendant argues, defendant was punished only one time for his most recent offense, though more severely." *Id.* Defendant's argument is without merit.

**[3]** Defendant next claims that allowing Officer Becmer to present opinion evidence regarding defendant's sobriety was error. Defendant is incorrect. " '[A] lay person may give his opinion as to whether a person is intoxicated so long as that opinion is based on the witness's personal observation.' " *State v. Streckfuss*, 171 N.C. App. 81, 89, 614 S.E.2d 323, 328 (2005) (quoting *State v. Rich*, 351 N.C. 386, 398, 527 S.E.2d 299, 306 (2000)) (alteration in original). There is no dispute that Officer Becmer personally observed defendant and that he based his opinion on those observations. Defendant's contention has no merit.

**[4]** Defendant next argues that the trial court erred in allowing Officer Becmer to testify as to whether defendant asked any questions about why he was being arrested. Defendant contends that this testimony served to allow the State to comment on defendant's constitutional right to remain silent. We disagree.

Initially, we note that the State correctly argues that defendant failed to object to this line of questioning and therefore did not preserve this issue for appeal. "In criminal cases, a question which was not preserved by objection noted at trial . . . may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(c)(4) (2007). "Under this standard of review, a defendant has the burden of showing: (i) that a different result probably would have been reached but for the error; or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." *State v. Watkins*, 181 N.C. App. 502, 507, 640 S.E.2d 409, 413 (2007) (quotations and citations omitted). Considering the plethora of evidence against defendant, we cannot hold that this line of questioning led to a different result or denied defendant a fair trial. Accordingly, we find no merit in defendant's argument.

**[5]** Defendant next contends that the trial court's denial of his motion to dismiss the DWI charge for insufficient evidence was error. We emphatically disagree. Defendant presents no real argument;

indeed, there appears to be no argument to make. Defendant was pulled over with open containers of alcohol in the passenger compartment of his vehicle, officers observed him in a visibly impaired condition, there was a strong odor of alcohol in the car, defendant refused to take an Intoxilyzer test, and defendant passed out shortly thereafter. In no way did the State present insufficient evidence to take this case to a jury.

[6] Finally, defendant argues that the trial court committed plain error in asking the jury for a numerical division. Defendant suggests that this "placed undue pressure on the jurors who were in the minority and effectively coerced a verdict." We disagree.

Our Supreme Court has addressed this issue:

In determining whether the trial court coerced a verdict by the jury, this Court must consider the totality of the circumstances. An inquiry as to a division, without asking which votes were for conviction or acquittal, is not inherently coercive. Without more, it is not a violation of the defendant's right to a jury trial. Some of the factors to be considered include whether the trial court conveyed the impression that it was irritated with the jury for not reaching a verdict, whether the trial court intimated that it would hold the jury until it reached a verdict, and whether the trial court told the jury that a retrial would burden the court system.

State v. Nobles, 350 N.C. 483, 510, 515 S.E.2d 885, 901-02 (1999) (quotations and citations omitted). In this case, as in Nobles, "[t]he record demonstrates that the trial court did none of these things." Id. at 510, 515 S.E.2d at 902. Accordingly, the trial court did not err.

Having conducted a thorough review of the record and briefs, we can discern no error in defendant's trial.

No error.

Judges STEELMAN and STROUD concur.