STATE OF NORTH CAROLINA
v.
RALPH EDWARD CROCKETT, Defendant
No. COA08-1161
Court of Appeals of North Carolina
Filed September 1, 2009
This case not for Publication
Attorney General Roy Cooper, by Assistant Attorney General Kathryne E. Hathcock, for the State.
Daniel F. Read for defendant-appellant.
GEER, Judge.
Defendant Ralph Edward Crockett appeals his conviction for habitual impaired driving and having attained habitual felon status. Defendant primarily contends that he was subjected to double jeopardy and impermissible double counting of prior offenses when prior driving while impaired ("DWI") convictions were used to convict him of habitual impaired driving and to sentence him as a habitual felon. Defendant acknowledges that his arguments have previously been rejected by this Court, but asks that we revisit those decisions. We are not permitted to do so. Only the Supreme Court may overturn those prior opinions. We, therefore, uphold defendant's conviction and sentence.

Facts
On 2 September 2007, defendant was arrested for DWI and displaying a registration number plate knowing it to be fictitious. Defendant was subsequently indicted on 10 March 2008 with one count of DWI and one count of habitual impaired driving. Defendant was charged with the same offenses in a superseding indictment on 2 June 2008. Defendant was also indicted for having attained habitual felon status.
Defendant moved to quash the habitual felon indictment on the grounds that it subjected defendant to double jeopardy and was based on impermissible double counting. The trial court denied the motion. During the trial, defendant moved to dismiss the charges on the grounds of double jeopardy and double counting, but that motion was also denied.
The jury found defendant guilty of DWI. Defendant then stipulated to the three prior DWI convictions that formed the basis for his habitual impaired driving conviction. Defendant also pled guilty to being a habitual felon. At sentencing, the court sentenced defendant as a habitual felon for habitual impaired driving to a term of 107 to 138 months imprisonment. Defendant timely appealed to this Court.[1] In addition, defendant filed a motion for appropriate relief ("MAR") with this Court on 10 November 2008.

Discussion
Defendant first argues that the habitual impaired driving statute, N.C. Gen. Stat. § 20-138.5 (2007), results in a defendant's being punished twice for a prior DWI he committed when it is subsequently used to form the basis for a habitual impaired driving charge. Defendant acknowledges in his brief: "Counsel is aware that this Court has previously decided this question against him. See for example State v. Massey, 179 N.C. App. 803, 635 S.E.2d 528 (2006), following State v. Vardiman, 146 N.C. App. 381, 383, 552 S.E.2d 697, 699 (2001), appeal dismissed, 355 N.C. 222, 559 S.E.2d 794, cert. denied, 537 U.S. 833 (2002)." He argues, however, that the North Carolina Supreme Court "has not definitely ruled on this question" and, therefore, "urges this court to reconsider its position for the reasons urged in Vardiman (see Defendant-Appellant's brief, Docket 00-701)."
Defendant argues alternatively that allowing a prior DWI conviction to be "counted" both "in [the] original conviction and in successive habitual DWI indictments and then in the habitual felon indictment" violates the rule against "double counting" and is "unfair and improper." This argument has also been addressed and rejected by this Court in State v. Misenheimer, 123 N.C. App. 156, 157, 472 S.E.2d 191, 192, cert. denied, 344 N.C. 441, 476 S.E.2d 128 (1996).
Although defendant presents arguments why Misenheimer, as well as the Vardiman line of cases, should not be followed, we are bound by prior opinions of this Court. See In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). Defendant's arguments as to why this Court's prior opinions should be overturned can only be considered by the Supreme Court or the General Assembly.
Defendant further contends that, in any event, his June 1999 DWI conviction should not have been used to enhance the charges against him. Defendant points out that the version of N.C. Gen. Stat. § 20-138.5(a) applicable in June 1999 provided that a person was guilty of habitual impaired driving if he had been convicted of three DWIs in the prior seven years. The General Assembly subsequently amended the statute  prior to the offense in this case  so that it now provides that the relevant look-back period is ten years. See 2006 N.C. Sess. Laws ch. 253 § 12. Defendant argues that the amendment "added a condition to the previous conviction that had not attached at the time [defendant] was found guilty in 1999," and "it is established that the legislature may not increase the penalty for a crime after it has been committed."
The rationale underlying this argument was rejected by this Court in Vardiman: "Prior convictions of driving while impaired are the elements of the offense of habitual impaired driving, but the statute `does not impose punishment for [these] previous crimes, [it] imposes an enhanced punishment' for the latest offense." 146 N.C. App. at 385, 552 S.E.2d at 700 (emphasis added) (quoting State v. Smith, 139 N.C. App. 209, 214, 533 S.E.2d 518, 521, appeal dismissed, 353 N.C. 277, 546 S.E.2d 391 (2000)), appeal dismissed, 355 N.C. 222, 559 S.E.2d 794, cert. denied, 537 U.S. 833, 154 L. Ed. 2d 51, 123 S. Ct. 142 (2002). This Court ultimately held "that the habitual impaired driving statute does not punish prior convictions a second time, but rather punishes the most recent conviction more severely because of the prior convictions." Id. at 386, 552 S.E.2d at 701 (emphasis added).
Thus, the amendment to N.C. Gen. Stat. § 20-138.5(a) did not cause defendant, in this case, to be punished more severely for his 1999 DWI conviction. Rather, it punished his current 2007 DWI offense more severely because the General Assembly has chosen to consider the new DWI "a more serious violation in light of his recidivist record." State v. Hyden, 175 N.C. App. 576, 580, 625 S.E.2d 125, 127 (2006).[2]
Finally, defendant contends that his sentence, enhanced by being a habitual felon, constitutes cruel and unusual punishment under the Eighth Amendment. Our Supreme Court has "reject[ed] outright" the contention that the "legislature is constitutionally prohibited from enhancing punishment for habitual offenders as violations of constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities." State v. Todd, 313 N.C. 110, 117, 326 S.E.2d 249, 253 (1985) (emphasis added). "Only in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment." State v. Ysaguire, 309 N.C. 780, 786, 309 S.E.2d 436, 441 (1983).
Defendant contends that his 107 to 138 month sentence as a Class C felon is cruel and unusual because it is based in part on two drug offenses that occurred over 20 years ago. Defendant maintains that these underlying offenses are minor in comparison to other Class C felonies, such as second degree rape, assault with a deadly weapon with intent to kill inflicting serious injury, and kidnapping. This Court's observation in State v. Hensley, 156 N.C. App. 634, 639, 577 S.E.2d 417, 421, disc. review denied, 357 N.C. 167, 581 S.E.2d 64 (2003), fits here: "Defendant was not sentenced for 90 to 117 months in prison because he pawned a caliper obtained by false pretenses for approximately twenty dollars. Defendant was sentenced to that term because he committed multiple felonies over a span of almost twenty years and is a habitual felon."
In comparison with other cases in which a defendant's sentence was enhanced by a habitual felon conviction, we cannot conclude that defendant's sentence of 107 to 138 months constitutes cruel and unusual punishment. Compare State v. Ledwell, 171 N.C. App. 314, 321, 614 S.E.2d 562, 567 (2005) (upholding sentence of 142 to 180 months as not cruel and unusual although underlying conviction involved attempt to steal nine dollar watchband when defendant had 25-year history of criminal convictions); State v. Clifton, 158 N.C. App. 88, 96, 580 S.E.2d 40, 46 (holding enhanced sentence of two consecutive terms of 168 to 211 months imprisonment for non-violent offenses was not cruel and unusual), cert. denied, 357 N.C. 463, 586 S.E.2d 266 (2003); Hensley, 156 N.C. App. at 639, 577 S.E.2d at 421 (concluding 90 to 117 month enhanced sentence not cruel and unusual even though based on three felonies over 20-year period). Accordingly, we find no error.
Turning to defendant's MAR, defendant asserts that he was deprived of effective assistance of counsel in violation of his Sixth Amendment rights when his trial counsel failed to argue that the State had promised not to prosecute him as a habitual felon as part of a plea bargain in another proceeding stemming from an unrelated drug charge. A claim for ineffective assistance of counsel may be decided on appeal only when "the cold record reveals that no further investigation is required . . . . This rule is consistent with the general principle that, on direct appeal, the reviewing court ordinarily limits its review to material included in `the record on appeal and the verbatim transcript of proceedings, if one is designated.'" State v. Fair, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001) (quoting N.C.R. App. P. 9(a)), cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162, 122 S. Ct. 2332 (2002).
In support of his MAR, defendant attaches documents arising out of the separate proceeding, 07 CR 62065. Those documents are not part of the record before this Court. Resolution of defendant's arguments in his MAR requires not only review of matters outside the record, but also requires a factual determination of the terms of defendant's plea agreement in 07 CR 62065. We cannot, therefore, decide defendant's ineffective assistance of counsel claims on appeal. Accordingly, we dismiss defendant's MAR without prejudice to defendant's right to reassert his claims in an MAR or other proper proceeding filed in superior court. State v. Kinch, 314 N.C. 99, 106, 331 S.E.2d 665, 669 (1985).
No Error.
Judges McGEE and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] The State argues vigorously that defendant is not entitled to appeal because he pled guilty. To the contrary, defendant did not plead guilty to the two indicted charges of DWI and habitual impaired driving. He pled guilty only to having attained the status of habitual felon.
[2] Defendant also argues that he could not be punished as a habitual felon because he was arrested for a misdemeanor and was tried for a misdemeanor. Defendant was, however, not only indicted for DWI (a misdemeanor), but also for habitual impaired driving, a felony. That felony properly formed a basis for the habitual felon sentence.