STATE OF NORTH CAROLINA v. DAVID ALAN BRADLEY

No. COA06-671

(Filed 6 February 2007)

**1. Appeal and Error— assignments of error—record page references omitted—Rules violation not egregious**

Violations of the Rules of Appellate Procedure involving the identification of assignments of errors by their record page numbers were not so egregious as to warrant dismissal or sanctions.

**2. Sentencing— habitual impaired driving—no double jeopardy violation**

Habitual impaired driving does not violate double jeopardy under *Apprendi v. New Jersey*, 530 U.S. 466. *Apprendi* and *Blakely* involve the right to a jury rather than double jeopardy.

**3. Criminal Law— verdict sheet with alternate definitions of crime—one offense**

There was no error in the submission of an impaired driving verdict sheet which did not specify which of two statutory definitions of impaired driving applied (being under the influence or blood alcohol level). Defendant was charged with a single wrong which could be established alternatively.

Appeal by defendant from judgment entered 19 January 2006 by Judge Robert C. Ervin in Cleveland County Superior Court. Heard in the Court of Appeals 11 January 2007.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Patricia A. Duffy, for the State.*

*Bruce T. Cunningham, Jr., for defendant-appellant.*

JACKSON, Judge.

On 25 July 2001, Sergeant James Christopher McClelland ("Sergeant McClelland"), a sixteen-year veteran of the North Carolina Highway Patrol, observed David Alan Bradley ("defendant") turning left from a crossover onto U.S. 74 East. Sergeant McClelland noted that defendant's "turn was so wide that he [defendant] went across that lane to the outside lane, almost went off the right side of the road, and he jerked it back." Sergeant McClelland further testified that defendant's vehicle crossed the fog line while turning onto U.S. 74. After following defendant's vehicle for approximately three-tenths of a mile and observing defendant driving erratically and weaving in his lane, Sergeant McClelland activated his blue lights.

Defendant pulled his vehicle into a mall parking lot, and Sergeant McClelland approached defendant's vehicle and requested defendant's license and registration. Defendant was unable to produce a driver's license. Sergeant McClelland then asked defendant to step out of his vehicle, whereupon Sergeant McClelland noticed that defendant had red, glassy eyes and a strong odor of alcohol on his breath. Sergeant McClelland requested that defendant take a seat in the patrol car and perform several field sobriety tests, including an AlcoSensor test and a horizontal gaze nystagmus test.

Based upon his observations, Sergeant McClelland formed the opinion that defendant "had consumed an [sic] sufficient amount of an alcoholic beverage as to appreciatively impair his mental and physical faculties," and thus, Sergeant McClelland placed defendant under arrest. At the Law Enforcement Center, defendant was advised of his Intoxilyzer rights, and defendant exercised his right to make a telephone call. After waiting the required thirty minutes, Sergeant McClelland administered the Intoxilyzer test, which resulted in a breath-alcohol concentration of 0.16.

On 14 March 2005, defendant was indicted for habitual impaired driving. Prior to trial, defendant made a motion to dismiss the indictment on double jeopardy grounds. The trial court denied the motion on 12 July 2005, and the jury found defendant guilty on 16 January 2006. On 19 January 2006, the trial court sentenced defendant, as a prior record level II offender, to a minimum of fifteen months imprisonment with a corresponding maximum of eighteen months. Defendant filed timely notice of appeal.

[1] As a preliminary matter, we note that defendant's brief violates Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure.

STATE v. BRADLEY

[181 N.C. App. 557 (2007)]

Specifically, defendant has failed to identify his assignments of errors "by the pages at which they appear in the printed record on appeal." N.C. R. App. P. 28(b)(6) (2006); *see, e.g., Perry v. N.C. Dep't of Corr.*, 176 N.C. App. 123, 125, 625 S.E.2d 790, 791-92 (2006) ("Although DOC included a reference to the assignments of error in its brief, it did not reference the pertinent page numbers of the record on appeal."). Although the assignments of error can be found on pages twenty-three to twenty-four of the record, the appellate rules expressly require the appellant to direct this Court's attention to the pages in the record. "The North Carolina Rules of Appellate Procedure are mandatory and 'failure to follow these rules will subject an appeal to dismissal.'" *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (per curiam) (quoting *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999)), *reh'g denied*, 359 N.C. 643, 617 S.E.2d 662 (2005). Nevertheless, we conclude that defendant's violation is not so egregious as to warrant dismissal or sanctions.

[2] On appeal, defendant first contends that the offense of habitual impaired driving violates the prohibition against double jeopardy as a result of the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000), *Ring v. Arizona*, 536 U.S. 584, 153 L. Ed. 2d 556 (2002), and *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004). We disagree.

"A person commits the offense of habitual impaired driving if he drives while impaired as defined in [North Carolina General Statutes, section] 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in [section] 20-4.01(24a) within seven years of the date of this offense." N.C. Gen. Stat. § 20-138.5(a) (2005). The habitual impaired driving statute is intended to provide an increased sentence for someone convicted of a fourth impaired driving offense, with the previous three offenses occurring within seven years of the fourth offense.

In 2001, this Court upheld the habitual impaired driving statute against a double jeopardy challenge. *State v. Vardiman*, 146 N.C. App. 381, 552 S.E.2d 697 (2001), *appeal dismissed*, 355 N.C. 222, 559 S.E.2d 794, *cert. denied*, 537 U.S. 833, 154 L. Ed. 2d 51 (2002). In *Vardiman*, this Court noted that "[i]t is well settled that the Double Jeopardy Clause of the North Carolina and United States Constitutions protect against . . . multiple punishments for the same offense." *Id.* at 383, 552 S.E.2d at 699 (internal quotation marks and citations omitted). Recidivist statutes, such as habitual impaired driv-

ing, "survive constitutional challenges in regard to double jeopardy challenges because they increase the severity of the punishment for the crime being prosecuted; *they do not punish a previous crime a second time." Id.* (emphasis added).

Defendant nevertheless argues that "the underpinning of the majority opinion in *Vardiman* that Habitual DWI is both a crime and ·a sentence enhancer has been removed by the *Apprendi/· Ring/Blakely* line of cases and that *Vardiman* is no longer good law." *Vardiman* was decided after the United States Supreme Court's opinion in *Apprendi* was filed, and this Court noted that *Apprendi* did not alter its conclusion that the habitual impaired driving statute survived a double jeopardy challenge. In addition, we recently addressed a similar double jeopardy challenge with respect to habitual misdemeanor assault in *State v. Massey*, 179 N.C. App. 803, 635 S.E.2d 528 (2006). In *Massey*, we held that

[a]lthough defendant contends that the *Apprendi* line of cases renders habitual misdemeanor assault unconstitutional as violative of the prohibition against double jeopardy, defendant reads too much into *Apprendi* and its progeny. *Blakely* explicitly *permits* sentence enhancements provided that sentence enhancements, with the exception of prior convictions, are found beyond a reasonable doubt by the jury. In fact, the United States Supreme Court expressly permitted sentence enhancements imposed by a judge when the defendant stipulates to the relevant facts or consents to judicial fact-finding. As the North Carolina Supreme Court noted, the crux of *Blakely* was to eliminate fact finding by the court that increased a defendant's sentence beyond the statutory maximum. In essence, *Apprendi* and *Blakely* applied the Sixth Amendment right to a jury trial to sentence enhancements. Defendant's argument, however, is directed at the *Fifth* Amendment prohibition against double jeopardy, and accordingly, *Apprendi* and *Blakely* are inapposite.

*Massey*, 179 N.C. App. at 808, 635 S.E.2d at 531 (internal citations omitted) (emphases in original). This Court refused to extend the holdings in *Apprendi* and *Blakely* to the habitual misdemeanor assault statute. Similarly, we refuse to extend those holdings to the habitual impaired driving statute. Accordingly, defendant's assignment of error is overruled.

**[3]** In his second argument, defendant contends that the trial court erred by submitting a verdict sheet to the jury which did not differ-

entiate between the two statutory definitions of the offense of impaired driving. Specifically, North Carolina General Statutes, section 20-138.1, provides that

[a] person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State:

(1) While under the influence of an impairing substance; or

(2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.08 or more.

N.C. Gen. Stat. § 20-138.1(a) (2005). Because the verdict sheet did not specify which definition of impaired driving applied, defendant contends that the verdict sheet was ambiguous and therefore deprived him of his constitutionally protected right to a unanimous jury verdict. We disagree.

Because defendant did not object to the jury verdict sheet as submitted, we review defendant's argument under the plain error rule. *See State v. Gilbert*, 139 N.C. App. 657, 672, 535 S.E.2d 94, 103 (2000). Therefore, defendant must demonstrate

that the claimed error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir.), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)). We note further that "[t]he plain error rule . . . is always to be applied cautiously." *Id.* (quoting *McCaskill*, 676 F.2d at 1002).

"The North Carolina Constitution and the North Carolina General Statutes both require an unanimous verdict in a criminal jury

trial." *State v. Wallace*, 179 N.C. App. 710, 719, 635 S.E.2d 455, 462 (2006) (citing N.C. Const. art. I, § 24; N.C. Gen. Stat. § 15A-1237(b) (2005)). Defendant contends that his right to a unanimous jury verdict was violated because it is possible that some members of the jury found him guilty of impaired driving based on his being under the influence of an impairing substance, while other members of the jury might have based their decision on testimony indicating that defendant's alcohol concentration was 0.16, in excess of the 0.08 concentration delineated in the second prong of the impaired driving statutory definition.

In *State v. Oliver*, 343 N.C. 202, 470 S.E.2d 16 (1996), our Supreme Court held that

> [e]ven accepting defendant's argument as true, that some jurors may have found defendant was under the influence of an impairing substance and that some jurors may have found defendant's alcohol concentration was 0.08 or more at some relevant time after driving, *the fact remains that jurors unanimously found defendant guilty of the single offense of impaired driving.*

*Oliver*, 343 N.C. at 215, 470 S.E.2d at 24 (emphasis added). Here, defendant was charged with a single wrong that could be established alternatively through either of its elements, and thus, we find no error in the verdict sheet employed by the trial court. Accordingly, defendant's assignment of error is overruled.

Defendant's remaining assignments of error not argued in his brief are deemed abandoned. *See* N.C. R. App. P. 28(b)(6) (2006).

NO ERROR.

Judges CALABRIA and GEER concur.